T. W. BRACKETT v. A. W. GILLIAM.

(Decided December 5, 1899.)

*References—Power of the Court—Exceptions.*

The power of the Court over references is very broad; it retains its jurisdiction in every case of reference, with power to review and reverse conclusions of law, and a discretion to modify and set aside the report, which discretion is not reviewable unless abused.

CIVIL ACTION, heard upon appeal from Justice's Court, before *Starbuck, J.,* at Spring Term, 1898, of McDOWELL Superior Court, upon exception to report of the referee, by plaintiff.

The defendant filed no exceptions; the plaintiff abandoned all except a single exception relating to a credit of $32.90, which, if allowed defendant, would overpay plaintiff's account by $1.79, otherwise, defendant would be owing plaintiff $31.11. The referee reported that the evidence was so confused, and the accounts kept so unsatisfactorily, that it was impossible for him to ascertain all the facts, and that he had arrived at the conclusion of law, that for want of certainty, the defendant is not due plaintiff any sum of money. The plaintiff insisted that as defendant claimed the credit, the burden was on him to prove it, and that on his failure to do this, as a matter of law, it ought not to be allowed him.

His Honor, while holding that plaintiff's contention as to the burden of proof was correct, yet upon the examination of the evidence, decided that defendant was entitled to the credit, and owed the plaintiff nothing. Judgment accordingly. Plaintiff excepted and appealed.

BRACKETT *v.* GILLIAM.

*Mr. E. J. Justice,* for appellant.
*Mr. P. J. Sinclair,* for appellee.

CLARK, J.   This case was heard in the Superior Court upon exceptions to a referee's report when all exceptions were abandoned except as to a credit of $32.90, which, if allowed defendant, would leave him discharged from indebtedness to the plaintiff.   The referee held that the evidence was so conflicting and confused that he could not find how the fact was, and adjudged that, from the want of certainty, the plaintiff had failed to make out his case and could not recover.

The plaintiff's fourth exception was as follows:   "The failure of the referee to allow Exhibit 6 ($32.90), as a credit on the plaintiff's account, or that it should be so allowed, but finding only that in view of the evidence it is impossible for him to ascertain all the facts in reference to each and every separate transaction, the plaintiff excepts to the referee's conclusions of law that the plaintiff is not entitled to recover any amount, and that the defendant is not due the plaintiff any sum of money."   This exception brought the judgment of the referee that the evidence did not justify judgment for the plaintiff before the Judge for review.

The Court held that the referee erred as to the burden of proof, but that he had in fact rightly given the defendant credit for the $32.90, but for a wrong reason, that the Court had the power upon the exception above set out, to review the referee's findings, and upon examination of the evidence the Court found as a fact therefrom that the $32.90 had been paid to the plaintiff by the defendant, and that the plaintiff was not entitled to recover.

The plaintiff excepted to the judgment of the Superior Court upon the ground that the exception to the referee's report was only to the conclusion of law as to the burden of

proof, and the Court having held with the plaintiff, as to the burden of proof, could go no further, and should have rendered judgment for the plaintiff.    This is the sole point presented.

In the section of the report excepted to, the referee found, in effect, that the evidence was insufficient to justify him in finding whether the payment was made or not, and therefore the plaintiff could not recover by reason of the uncertainty. It is true that the plaintiff styled his exception "to the conclusions of law that the plaintiff is not entitled to recover," etc., but the referee did not so style it, and in fact that conclusion was a mixed one of law and fact; of fact, that the evidence was too confused to justify a finding of fact whether payment had been made; and of law, that therefore the plaintiff could not recover.    The fourth exception therefore took the entire ruling of the referee, that the plaintiff could not recover, to the Judge for review.    The plaintiff could not bind the referee to the reason he gave for his conclusion while excepting to the conclusion.    The exception being before the Judge, he could overrule, modify or affirm the action of the referee.    He could find the facts himself and affirm, as he did, the referee's conclusion, as stated in the fourth exception, though he reversed the reason given by the referee for such result.

The power of the Court over references is very broad.    As is said in the late case of *Cummings v. Swepson*, 124 N. C., 579: "The Court retains the cause and its jurisdiction in every case of reference, with power to review and reverse the conclusions of law of the referee, and a discretion to modify and set aside the report, and his ruling in the latter respect is not reviewable unless it appears that such discretion has been abused."

Affirmed.