BOYLE v. STALLINGS.

(Filed March 13, 1906).

*Accounting — Nonsuit—Counterclaim—Findings of Fact.*

1. Where the plaintiff asked for an accounting, averring that the defendant was indebted to him and the defendant submitted to an account, averring that the plaintiff owed him a balance, and an account was taken and report made and exceptions filed by plaintiff, the court committed no error in denying a motion for nonsuit.

2. Where the plaintiff asked for an accounting, averring that the defendant was indebted to him and the defendant submitted to an account, averring that the plaintiff owed him a balance, *held,* that the defendant did in substance set up a counterclaim.

3. In cases purely equitable in their nature, if an account has been taken and report made, the plaintiff will not be allowed to suffer judgment of nonsuit.

4. This court has no power to review the conclusions of fact as found by the referee and sustained by the judge, unless it appears that such findings have no evidence to support them.

ACTION by F. A. Boyle and J. P. Boyle, trading as Boyle Manufacturing Co., against W. L. Stallings and others, heard by *Judge George W. Ward,* at the June Term, 1905, of the Superior Court of MARTIN.

Plaintiffs alleged that during the year 1898 they formed a copartnership with defendants for the purpose of operating a saw mill. Defendants owned the mill and agreed to sell plaintiffs a one-half interest therein for $2,500. Pursuant to said agreement they took charge and control of said mill and operated the same until the latter part of the year 1899. During said time, plaintiffs, with the consent of defendants, and in accordance with the terms of the contract of partnership, made, at their separate expense, valuable improvement and additions to said machinery, one-half of the value of

which should constitute a set-off against the purchase price, etc. They made sundry payments on the one-half interest in the mill in money, lumber, etc.

That, during the latter part of the year 1899, the partnership between the plaintiffs and defendants was dissolved and plaintiffs leased defendants' one-half interest in the mill. Thereafter plaintiffs made sundry payments, and advanced sundry amounts on account of the purchase price of the one-half interest in the mill and made improvements thereon, etc. That by reason of the transactions and dealings had between the parties, a long unsettled account had been created, which should be stated and adjusted. That upon such adjustment it would be found that plaintiffs have paid the purchase money for said mill and, in addition thereto, defendants would owe them $500. That plaintiffs have endeavored to bring defendants to a settlement, but have failed to do so, etc. The plaintiffs ask the court that an account be taken under its direction, etc.

Defendants deny the allegations, but admit that an account should be stated and aver that upon such accounting it will be found that no part of the purchase money for the mill has been paid, and that a balance is due them on account of rents, etc. An order was made upon the complaint and answer referring the cause to three gentlemen selected by the parties with directions to take and state an account of the transactions, etc., and declare the amount due. The referees met and, after hearing testimony, examining the books of the parties, made their report, to which is attached a statement of account covering sixteen pages of the printed record. The plaintiffs filed several exceptions, a number of which are directed to the findings of fact upon the ground that they were not sustained by any evidence. They also excepted for that all of the evidence was not reported. When the cause was first called for trial upon the exceptions, the court remanded it to the referees, with direction to report the evidence with

their conclusions of law and fact. This was done and the cause heard by His Honor, *Judge Ward.* Upon an intimation by the judge that he did not see any error in the report, "but would fully consider the same," the plaintiffs stated that they would withdraw their exceptions and take a nonsuit. Defendants objected. Motion for nonsuit was denied and plaintiffs excepted. The court thereupon took the cause under consideration, overruled the exceptions and confirmed the report. Plaintiffs excepted. Judgment according to report and appeal.

*Ward & Grimes* for the plaintiffs.
*Stubbs, Gilliam & Martin* for the defendants.

CONNOR, J., after stating the case: We have examined the record with care and find no error in His Honor's ruling. The plaintiffs insist that as defendants did not set up any counterclaim they were entitled at any time, prior to the final judgment, to submit to a nonsuit. We are of the opinion that while not in express terms, the defendants did in substance set up a counterclaim. Plaintiffs asked for an accounting, averring that upon an account stated it would appear that defendants were indebted to them, etc. Defendants submitted to an account, averring that plaintiffs owed them a balance. Prior to the adoption of The Code, plaintiffs would have filed a bill in equity asking for an account.

By reason of the inadequacy of the machinery of courts of law to deal with long and complicated accounts, courts of equity assumed jurisdiction, especially in winding up partnership dealings. Eaton Eq., 516; Bispham Eq., 505. The rule in courts of equity denied the right to the plaintiff to withdraw his bill after a decree has been made for an account. *Egg v. Deavey,* 11 Beav., 221. After a consent order for a mutual accounting before a commissioner, the complainant cannot dismiss by a common order. *Wyatt v. Sweet,* 48

Mich., 539; *Hall v. McPherson,* 3 Bland. (Md.), 529, in which it is said: "But in this case, there having been a decree to account, each party has been thereby virtually clothed with the rights of an actor." 6 Enc. Pl. & Pr., 847. While the precise question has not been decided by this court, the language of *Merrimon, J.,* in *Bynum v. Powe,* 97 N. C., 376, indicates clearly the view which was entertained. He says: "Under the present method of civil procedure, there is but one form of action and the plaintiff, as indicated above, may, no matter what may be the nature of the cause of action, voluntarily submit to a judgment of nonsuit, except in cases purely equitable in their nature he cannot do so after the rights of the defendant in the course of the action have attached, that he has a right to have settled and concluded in the action. Thus, if an order of reference has been made and the referee has made a report, the correctness of which is conceded by both parties and the case is in condition to be finally disposed of, or if an account has been taken and report made, or a decree has been made under which the defendant has acquired rights, the plaintiff will not be allowed to suffer a judgment of nonsuit." *Gatewood v. Leak,* 99 N. C., 363. The cases cited by the plaintiffs' counsel had no equitable element in them. They were actions formerly cognizable at law and are based upon the well settled rule that, when no counterclaim is pleaded, the plaintiff may at any time, before verdict, submit to a nonsuit. The defendants insist that if this action came within the rule, the plaintiffs may not take a nonsuit, because under section 525, Revisal, the report of the referee in regard to findings of fact "shall have the effect of a special verdict." When filed, the cause is in the same condition in respect to the right to submit to a nonsuit as if the jury had returned a special verdict. There is much force in the suggestion, but, as we have seen, the question does not necessarily arise. His Honor correctly denied the motion.

The other exception which was argued with zeal and force

in this court is that the referees adopted a settlement made between the parties by Mr. Fisher, who it appeared was selected, prior to the bringing of this action, to examine their books. There was some controversy as to the extent, in point of time, which Fisher was authorized to make the settlement. The plaintiffs insist that the referees, instead of adopting Fisher's figures, should have examined the items of account, themselves, and reported the conclusions upon them. There was evidence in respect to Fisher's authority for the examination made by him and the acquiescence of the parties. It appears that he entered upon the books of the parties the result of his work. The defendants' counsel in their argument before us exhibited the books, showing the items upon which Fisher's conclusions were reached, and that they were before and after considered by the referees. It is elementary that we have no power to review the conclusions of fact as found by the referees and sustained by the judge, unless it appears that such findings have no evidence to support them. While the result of the accounting is very different from that anticipated by the plaintiffs, and their able and zealous counsel have presented their views upon us forcibly, we are unable to perceive any error of law, with which alone we are permitted to deal. It is conceded that the referees are honorable, intelligent business men. They appear to have proceeded with intelligence and fairness, and His Honor gave the record careful consideration. The form of the judgment is in accordance with the report and must be

Affirmed.