JOHN D. HUDSON ET ALS., TRUSTEES OF CHURCH, v. DAVID S. MORTON ET ALS.

(Filed 16 April, 1913.)

1. **Reference—Findings of Fact—Confirmation—Appeal and Error.**
   The findings of fact of a referee, confirmed by the trial judge, are conclusive on appeal if there is any evidence to support them.

2. **Deeds and Conveyances—Description Sufficient—Parol Evidence.**
   A description of lands in a deed "being one acre of land adjoining L., in one corner of the field now turned out, and lies near and including the spring, it being a portion of the H. tract, conveyed by D. to M., and others, public school committee of District No. 10, Stanly County, deed bearing a certain date, giving book and page in register of deeds' office, being the property formerly owned by District No. 13, changed by redistricting the schools of the township," etc.: *Held*, sufficiently definite to admit of parol evidence in fitting the description in this case, it appearing that the land had been known as the "schoolhouse lot" for twenty or thirty years, etc.; and it is further held that a variance was immaterial, that the lot did not adjoin the L. lot, but cornered on it in an old field.

APPEAL by defendant from *Cooke, J.,* at September Term, 1912, of STANLY.

*Jerome & Price for plaintiffs.*
*J. M. Brown & Son and A. C. Honeycutt for defendants.*

CLARK, C. J. This is a controversy over one acre of land formerly used as a schoolhouse lot and recently purchased by the plaintiffs as trustees of the Union Grove Baptist Church. There was a reference made to R. L. Smith and two others as referees, whose report was confirmed by the judge. The finding of facts approved by the judge are conclusive, if there is any evidence to support the finding that is excepted to. The only point presented is the exception by the defendants that the description in the deeds under which the plaintiffs claim title was too vague and indefinite to admit of parol evidence to identify the land.

The deed to the plaintiffs describes the land as a piece, parcel, or lot of land situated in Stanly County, North Carolina,

in Albemarle Township, "it being one acre of land adjoining Margaret Lowder lands in one corner of the field now turned out, and lies near and including the spring, it being a portion of the Wiley Hudson tract of land, and being the land conveyed by E. W. Davis to Joseph Morton, Jesse Morton, and John Thompson, public school committee of District No. 10 of Stanly County, North Carolina, said deed bearing date 11 February, 1882, and recorded in the office of the Register of Deeds of Stanly County, North Carolina, in Book of Deeds No. 31, page 271, etc., it being the property formerly owned by District No. 13 in the Albemarle Township, the number of the district being changed by virtue of a redistrict arrangement of the school districts of said township in said county."

There was uncontradicted testimony that the plaintiffs and those under whom they claim have been in possession of the lot of land in dispute for twenty-seven or twenty-eight years. The testimony further was that this lot was first used as a playground, and afterwards the schoolhouse was built thereon; that the lot was a part of the Wiley Hudson tract and was located in the corner of an old field, and this old field adjoins the Margaret Lowder land; that the defendant D. S. Morton told the surveyor that the lot which he surveyed was known as the schoolhouse lot; that the lot as conveyed had been known as the "schoolhouse lot" for twenty or thirty years, and that the school committee had been in possession of the lot for twenty-seven or twenty-eight years. It was also shown that the defendant D. S. Morton bid on the lot at the public sale made by the board of education and that he owned the Wiley Hudson tract except one acre.

*Edwards v. Dean,* 125 N. C., 61, is very much like this case. In that case there was a deed for 30 acres in the western part of a tract of 112 acres, and there was a survey of the 30 acres, followed by possession. It was held that the description was sufficient to admit of parol testimony to identify the land.

In *Perry v. Scott,* 109 N. C., 374, the language, "on the south side of Trent River, adjoining the lands of Colgrove, McDaniel, and others, containing 360 acres," was held not too vague and indefinite to permit identification by parol. In *Farmer v.*

HUDSON *v.* MORTON.

*Batts,* 83 N. C., 387, the Court sets out a list of descriptions which had been held to be too indefinite to admit of parol testimony, and also a list of descriptions which had been held sufficient to permit of such aid. Without elaborating the particulars in which this description differs from the others, we think it falls within the class of cases in which the description is sufficient to justify the admission of parol testimony to identify the lands in dispute.

The principal parts of the description in this case are: (1) the lot of land in dispute consists of only one acre; (2) it adjoins the Margaret Lowder lands; (3) it lies in one corner of an old field; (4) this old field was turned out in 1882; (5) the lot includes the spring; (6) it is a portion of the Wiley Hudson tract; (7) it is the land conveyed by E. W. Davis in 1882 to school committee of District No. 10, which district was afterwards changed to District No. 13.

The referees found that this lot did not "adjoin the Margaret Lowder land," but that it was in the corner of an old field which did adjoin the Lowder land. This was an immaterial variance. They found on the evidence that this was the "schoolhouse lot," and the description in the deed justified the admission of parol testimony. It is true that the deed of 1882 from Davis to the school committee described the land as lying "in Stanly County, North Carolina, adjoining lands of Thomas A. Lowder and others and bounded as follows, viz.: Being one acre adjoining the Margaret Lowder lands, in one corner of the old field now turned out; it lies near and including the spring, it being a portion of the Wiley Hudson tract of land, containing one acre, more or less." The evidence showed that the committee took possession of this lot of land and occupied it for a schoolhouse lot and the subsequent deeds from the board of education to John M. Lowder and from him to the plaintiffs, trustees, refer to said deed and describe the land as that which had been held for school purposes under the Davis deed, and together with the parol evidence justified the finding of the referees which identified the property.

We are of opinion that parol testimony was properly admitted.

Affirmed.