A. D. DUMAS v. D. M. MORRISON ET AL., TRUSTEES OF PRESBYTERIAN CHURCH AT ROCKINGHAM.

(Filed 24 April, 1918.)

1. **Reference—Exceptions—Evidence.**

    Exception to the referee's report in an action upon contract wherein defendant alleges plaintiff's breach and consequent damages, finding defendant was due plaintiff a certain sum, that under all the evidence the referee should have found that plaintiff breached the contract and was not entitled to recover any sum, is equivalent to an exception that the findings are contrary to the evidence, permitting the judge to review the entire case and make his own findings thereon.

2. **Reference—Review—Courts.**

    The statutory authority given the judge of the Superior Court to "review" the report of a referee is broad in its scope, conferring power upon him to set it aside or modify it in whole or in part, and his exercise of such authority may be independent and not confined to the exceptions taken, as is the case on an appeal to the Supreme Court.

3. **Reference—Agreement to Review—Courts.**

    Where the parties to an action consent that the trial judge may pass upon the report of a referee out of term and "take the record, pass upon the whole case, and render judgment," etc., the agreement itself authorizes him to pass upon the whole case and make his independent findings from the evidence.

CIVIL ACTION, heard by *Long, J.,* at July Term, 1917, of RICHMOND.

The plaintiff sued for the recovery of a balance alleged to be due on a contract between him and the defendants for the building of a church at Rockingham of which the defendants were trustees.

The case was referred, by consent of parties, and the referee made his report, to which exceptions were filed by defendants, and among them this one appears: "For that the referee finds that the defendants are due the plaintiff the sum of $908, whereas, under all the evidence he should have found that the plaintiff had breached the contract and was

not entitled to recover any sum from the defendants." There are others of a like kind, which challenge the correctness of the referee's finding that the defendants are indebted to the plaintiff, and allege, on the contrary, that the defendants owe the plaintiff nothing and that his action should be dismissed.

The matter came on to be heard before *Judge Long* at July Term, 1917, when, as found by the judge, the following agreement was entered into by the parties on account of the lack of time and the consequent inability of the judge to hear the case:

"This action came on for hearing before the undersigned judge at July Term, 1917, of Richmond County, and was heard upon pleadings and the report of the referee and exceptions thereto, and the argument of counsel representing the plaintiff and the defendants, and after the argument counsel on both sides agreed that the court might take the record *and pass upon the whole case,* and render judgment at any time thereafter when it was able to do so." (Italics ours.)

*Judge Long,* instead of passing on each exception, found the facts himself from the evidence and stated his conclusion of law. After going into the matter in some detail, showing the several respects in which the plaintiff, as contractor, had failed to do his work properly, or to perform his contract according to plans and specifications, the judge makes the following findings of fact: "The damage done to the building by reason of plaintiff's failure and the material, labor, and expense incurred by the defendants in order to remedy the defects arising from plaintiff's failure, as heretofore found—in brief, all the damage suffered by the defendant for and on account of the breach of the contract by the plaintiff, and of his renunciation of his contract—is in excess of the amount sought to be recovered by the plaintiff of the defendants. The court does not make its findings more definite as to this amount because, in the view that it takes of the case at this time, it is confining itself to the question as to whether or not the plaintiff is entitled to recover of the defendants, the court finding that the plaintiff from time to time committed breaches of his contract and finally renounced it and put the defendants under compulsion to take the building in hand or otherwise suffer an entire loss of the building."

Judgment was rendered for the defendants, and plaintiff appealed.

*John T. Bennett, W. R. Jones, and Robinson, Caudle & Pruette* for plaintiff.
*Fred W. Bynum* for defendants.

Walker, J., after stating the case: The real question in this case is whether the judge had power to set aside the findings of the referee or

the most of them, and find the facts anew from the evidence taken and reported by the referee. The plaintiff says that he could not do so, because there were no exceptions to the referee's findings which justified such a course. We do not so understand the record. The defendants filed eleven exceptions to the referee's report, and every one of them (save one which is to the form of the report) was taken to the findings of fact, and these ten of them are practically and substantially to the effect that the findings should have been such as to show that defendants had either paid all that was due or that the plaintiff, for other reasons, was not entitled to recover anything. They amounted, in other words, to a sweeping exception that the findings were contrary to the evidence, and this required the judge to review the entire case, and if he disagreed with the referee to find the facts anew, and this he did.

It is not denied that the judge has the power to review and revise the report, but the contention is that he must restrict his rulings to the specific exceptions which have been taken by either party. If this be true, and the judge's power is not any broader than as stated by the plaintiff, we have shown that the exceptions are of such a nature and so comprehensive as to bring the case even within this restricted statement of the rule. The statute, however, gives a wider scope to the judge's power in dealing with the report of a referee. Revisal, sec. 524, provides that "the report of the referee shall be made to the clerk of the court in which the action is pending; either party, during the term or upon ten days' notice to the adverse party out of term, may move the judge to review such report, and set aside, modify or confirm the same in whole or in part, and no judgment shall be entered on any reference except by order of the judge."

It will be noted that the judge is authorized by that provision to review, set aside or modify the report, and this may be done as to each of these powers, in whole or in part. The general meaning of the word "review" is "to examine critically and deliberately," and its specific meaning is "to reconsider" or "to revise," and in its legal sense it means "to reëxamine judicially." But he may "set aside" the report "or modify it," and this may be done, as we have seen, "in whole or in part." This power, as defined in the statute, is a very broad one.

The question has been decided by this Court upon facts so similar to those in this record that the two cases cannot be distinguished. In *Brackett v. Gilliam,* 125 N. C., 380, the present *Chief Justice* delivering the opinion, this Court said:

"The fourth exception, therefore, took the entire ruling of the referee, that the plaintiff could not recover, to the judge for review. The plaintiff could not bind the referee to the reason he gave for his conclusion while excepting to the conclusion. The exception being before the

judge, he could overrule, modify, or affirm the action of the referee. He could find the facts himself and affirm, as he did, the referee's conclusion, as stated in the fourth exception, though he reversed the reason given by the referee for such result. The power of the court over references is very broad.

"As is said in the late case of *Cummings v. Swepson,* 124 N. C., 579: 'The court retains the cause and its jurisdiction in every case of reference, with power to review and reverse the conclusions of law of the referee, and a discretion to modify and set aside the report, and his ruling in the latter respect is not reviewable unless it appears that such discretion has been abused.' "

The exception in that case involved the same question as we have here, whether the plaintiff could recover. It was, at least, tantamount to saying that the referee erred in holding that plaintiff could not recover, and it was so viewed by this Court. 125 N. C., 382. The exception here does not require construction to show what question is presented. It is an objection to the referee's report upon the ground that he found and decided that plaintiff could recover. This is plainly expressed, and not merely to be inferred from the exception, and it is repeated in all but one or two of the other exceptions. It was, in legal effect, the same as if the defendants had excepted because the findings of fact by the referee were not supported by the evidence, being contrary to its weight. *Jeffords v. Waterworks Co.,* 157 N. C., 10.

This Court has said that "when exceptions are taken to a referee's findings of fact and law, it is the duty of the judge to consider the evidence and give his own opinion and conclusion, both upon the facts and the law. He is not permitted to do this in a perfunctory way, but he must deliberate and decide as in other cases—use his own faculties in ascertaining the truth, and form his own judgment as to fact and law. This is required not only as a check upon the referee and a safeguard against any possible errors on his part, but because he cannot review the referee's findings in any other way. This point was presented clearly and directly in *Miller v. Groome,* 109 N. C., 148, and it controls this case." *Thompson v. Smith,* 156 N. C., 345. See *Credle v. Ayers,* 126 N. C., 11; *Wallace v. Douglass,* 103 N. C., 19; *Miller v. Groome,* 109 N. C., 148.

It was held in *Highland v. Ice Co.,* 84 S. E., 252, that findings of fact by a referee, though entitled to weight, are not conclusive, and if not justified by the evidence may be disregarded, or set aside by the court and a decree entered according to its own view of the evidence. It must be remembered that a judge of the Superior Court in reviewing a referee's report is not confined to the question whether there is any evidence to support his findings of fact, but he may also decide that

while there is some such evidence, it does not preponderate in favor of the plaintiff, and thus find the facts contrary to those reported by the referee. The rule is otherwise in this Court, when a referee's report is under consideration. We do not review the judge's findings, if there is any evidence to support them, and do not pass upon the weight of the evidence.

But *Judge Long* has found as a fact that the following express agreement was made by the parties as to his power to find the facts and decide the case, and he was thereby authorized (quoting the language of the agreement) "to take the record, *and pass upon the whole case,* and render judgment at any time thereafter he was able to do so." (Italics ours.) So that in any view taken of the matter, the judge had the power to examine and consider the evidence, find the facts, and state his conclusion of law upon which the judgment was entered. Apart from any other valid reason, which justified his course, the defendants' exceptions alone required him and, at least, authorized him to do so.

Affirmed.