## J. C. NEAL, JR., v. HAGEDORN CONSTRUCTION COMPANY ET AL.

(Filed 27 October, 1926.)

1. **Reference—Evidence—Appeal and Error—Review.**
   The Supreme Court will not on appeal review the findings of the referee, upon sufficient legal evidence, approved by the court.

2. **Contracts—Subcontracts—Direct Promise to Pay—Consideration.**
   The direct promise of a contractor to pay for work done for its subcontractor is supported by a consideration, and is enforceable.

APPEAL by defendants from *Midyette, J.,* at January Term, 1926, of BRUNSWICK. Affirmed.

Action to recover for services rendered upon an express contract to pay for same.

From judgment confirming the report of the referee, and in accordance therewith, defendants appealed to the Supreme Court.

*C. Ed Taylor for plaintiff.*
*C. D. Weeks for defendant.*

PER CURIAM. Defendants assign as error the refusal of the court to sustain their exceptions to findings of fact by the referee. There was evidence at the hearing to sustain these findings of fact. The controversy between plaintiff and defendants was as to whether the construction company had expressly agreed to pay plaintiff for work which he had performed and which was included in a subcontract between the construction company and Wise & O'Donnell, subcontractors. There was evidence tending to show that plaintiff declined to undertake this work at the request of the subcontractors, and agreed to do the work only after the construction company, at the request of the subcontractors, had agreed to pay for same direct to plaintiff, and not through the subcontractor. Defendants contended that the construction company agreed to make payment for the work to plaintiff, only on account of the subcontractors; that the construction company had overpaid the subcontractors and owed them nothing.

There was sharp conflict in the evidence as to the facts involved in the respective contentions of the parties; as there was evidence, however, to sustain the referee's findings which the judge approved, the assignments of error cannot be sustained. In *Dumas v. Morrison,* 175 N. C., 431, it is said, by *Walker, J.:* "It must be remembered that a judge of the Superior Court in reviewing a referee's report is not confined to the question whether there is any evidence to support his findings of fact, but he may also decide that while there is some such evidence, it does not preponderate in favor of the plaintiff, and thus find the facts contrary to those reported by the referee. The rule is otherwise in this Court, when a referee's report is under consideration. We do not review the judge's findings, if there is any evidence to support them, and we do not pass upon the weight of the evidence."

Upon the findings of fact by the referee, approved by the judge, the Hagedorn Construction Company was primarily liable to plaintiff. Its agreement to pay for the work was not without consideration. It was obligated by its contract with the State Highway Commission to have

this work done. Its agreement with plaintiff was made with the consent, and indeed at the request, of the subcontractor. Assignments of error based upon exceptions to the refusal of the court to sustain their exceptions to the conclusions of law of the referee, cannot be sustained. We find no error. The judgment is

Affirmed.