E. E. MILLS v. APEX INSURANCE AND REALTY COMPANY ET AL.

(Filed 24 October, 1928.)

**1. Reference—Report and Findings—Affirmance in Part and Re-reference.**

Where a compulsory reference is made, and the report filed containing findings of fact and conclusions of law, the trial judge has jurisdiction to re-refer the case to the same referee for further action as a matter within

his discretion and not appealable, but he may not refer it to another
referee with partial approval thereof for action upon the unapproved
parts.  C. S., 578.

**2. Same.**

The trial judge has statutory authority to remove a referee for his
failure to perform his duties as such, and to appoint another to perform
them; as to whether he may set aside the report without cause and
appoint another, *quere?*

CIVIL ACTION, before *Cranmer, J.,* at Second May Term, 1928, of
WAKE.

The plaintiff instituted an action against the defendants to recover
certain amounts in dispute growing out of an exchange of land.  The
defendants denied liability, and upon issue joined on the pleadings the
trial judge ordered a compulsory reference, appointing John W. Hins-
dale, Esq., referee.  Thereafter the referee heard the evidence and argu-
ment of counsel and prepared a report setting forth therein his findings
of fact and conclusions of law.  Both parties excepted to the order of
reference and demanded a jury trial.  Both parties also filed exceptions
to the findings of fact and conclusions of law made by the referee.

The cause came on for hearing and the following judgment was en-
tered: "This cause comes on for hearing at the Second May Term, 1928,
of the Superior Court of Wake County, upon the pleadings, the report
of the referee and exceptions filed to said report, whereupon a jury is em-
paneled to try the cause.  The pleadings in the cause having been read,
and the jury by the direction of the court having retired from the court
room, the report of the referee was read to the court, and thereupon
counsel for the defendants stated to the court the substance of the evi-
dence relating to the findings of fact and conclusions of law of the
referee as to which exceptions have been filed, exceptions to said report
having been filed by all parties both plaintiff and defendants, and
counsel for the respective parties having stated to the court the conten-
tions of the respective parties, the court is of opinion that the ends of
justice will be promoted by a further reference of this cause, whereupon
it is ordered: 1. That a juror be withdrawn and a mistrial had.  2. That
the findings of fact and conclusions of law as stated in the report of the
referee and as to which no exceptions have been filed by any of the par-
ties to the cause be, and the same are hereby confirmed and adopted by
the court.  3. As to the findings of fact and conclusions of law as stated
in the report of the referee and as to which exceptions have been filed by
any of the parties to the cause, the said report be not confirmed.  4. That
except as to the findings of fact and conclusions of law of the referee
which are by this order confirmed as hereinbefore stated, the court in its

discretion hereby orders that this cause be, and is hereby referred to Oscar Leach, Esq., of Raleigh, with direction to consider the pleadings, the evidence heretofore taken in the cause and such further evidence as any of the parties to the cause shall offer and thereupon to make and report to this court his findings of fact and conclusions of law, and to state an account between the respective parties. This cause is retained for further hearing and order."

To the foregoing judgment submitting the cause to another referee, the plaintiff excepted and appealed.

*Little & Barnes for plaintiff.*
*Ruark & Fletcher for defendants.*

BROGDEN, J. Can the trial judge, upon the submission of the report of a referee, in a compulsory reference, resubmit the cause to another referee with power to reopen and rehear the same?

C. S., 578, empowers a trial judge to "review the report, and set aside, modify or confirm it in whole or in part," etc. This supervisory power is broad and comprehensive. *Dumas v. Morrison,* 175 N. C., 431, 95 S. E., 775. In the exercise of the power the trial judge may recommit the report for the correction of errors and irregularities, or for more definite statement of facts or conclusions of law, and such order recommitting the report for such purpose is not appealable. *Commissioners v. Magnin,* 85 N. C., 115; *Lutz v. Cline,* 89 N. C., 186; *S. v. Jackson,* 183 N. C., 695; 110 S. E., 593; *Coleman v. McCullough,* 190 N. C., 590, 130 S. E., 508.

It was suggested in the *Coleman case, supra:* "It may not be inappropriate to suggest that when a cause is remanded to a referee, controversy may be prevented by an order pointing out the special purpose of the recommittal—whether to take additional evidence, or to make additional findings of fact on the evidence taken, or simply to revise the report." The practical purpose of a compulsory reference, when exceptions have been filed to the report of the referee, is to develop and specifically delimit the issues to be determined by a jury, for the reason that, in such references, a jury trial is not waived, and the parties as a matter of law are entitled to have the issues answered by a jury. The apparent meaning of the statute is that the report, duly made by a referee, is before the court rather than the referee making the report; unless, of course, there is evidence or suggestion, at least, that the referee has not properly performed his duty.

The statute further contemplates that the trial judge must act upon the report. Judicial action is confined by the statute to reviewing,

setting aside, modifying or confirming in whole or in part the report to the end that the ultimate issues of fact may be produced in bold and clear relief. While the order of the trial judge is based upon discretion, this discretion is bounded by the statute, and as we interpret the record the judgment appealed from does not fall within the boundaries prescribed by law, and was therefore erroneously made. If the report of the referee had been set aside, a different legal situation would have been presented; or if there had been evidence tending to show that the referee had failed to perform his duty as contemplated by statute, then in such event the power of the trial judge to remove him would doubtless be unquestioned.

Reversed.