This is an action brought by plaintiff against defendants to recover a certain specified amount of money and penalty. The prayer is: "Plaintiff prays judgment against the defendants in the sum of $104.00 as double the market value of feldspar wrongfully and willfully taken and carried away, as alleged; and for judgment in the further sum of $500.00 as punitive damages for the wrongful and willful acts of said defendants, as alleged; and as provided by C. S., 6927, together with the costs of this action."
Plaintiff obtained a restraining order and, by consent, this was continued to the hearing. At July Term, 1932, by consent, the matter was referred to W. C. Berry, Esq., "and he is hereby appointed referee in this cause and is directed to hear the evidence of the parties, find the facts thereupon, state his conclusions of law, and report his findings of fact and conclusions of law to this court before its next term for further order, etc., according to the course and practice of the courts." *Page 388 
The referee, at July Term, 1935, filed his report and set forth his findings of fact and conclusions of law. The plaintiff and defendants excepted to the referee's report. The court below rendered the following judgment: "This cause coming on to be heard before the undersigned judge of the Superior Court at the July Term, 1936, of Mitchell County Superior Court, on the exceptions filed to the report of the referee in the above entitled matter, the court, after hearing the matter, counsel for plaintiff and defendants being present, amends the report of the referee as follows:`Findings of fact. The court finds as a fact that G. E. Young is the same person as Ellis Young; that on 12 September, 1916, G. E. Young and wife, E. M. Young, conveyed one-half interest of the mineral interests in the land described in the pleadings in this cause to W. W. Young, which deed is recorded in Book 71, page 150, and filed 8 April, 1918, and that at a later date, to wit, 19 September, 1928, W. W. Young and wife conveyed by deed mineral interests, mining and dumping rights to the plaintiff, the Carolina Mineral Company, which deed is filed 8 October, 1928, in Deed Book 86, page 219; that the said Ellis Young (the same person as G. E. Young) owns at this time a one-half interest in the mineral rights in the said land; that the other findings of fact as found by the referee in his report not inconsistent with the above findings are affirmed and approved.' That paragraph one of the conclusions of law in said referee's report is amended as follows: By striking out the portion of said referee's report as to conclusions of law as shown on page 2, beginning with: `That the plaintiff is entitled to judgment against the defendants W. W. Young and John Miller for the costs of this action, to be taxed by the clerk,' and inserting the following: `That the plaintiff is entitled to judgment against John Miller for the sum of $9.00 and for the costs of this action, to be taxed by the clerk.' The court is unable to find from the evidence that W. W. Young has taken from the land any feldspar of value, the evidence showing that some feldspar was taken, but no evidence as to the amount. The court allows the referee, W. C. Berry, the sum of $100.00, said amount to be paid one-half by the plaintiff and one-half by John Miller. That Miss Margaret Ragland is allowed the sum of $25.00 for stenographic work, to be taxed one-half against the plaintiff and one-half against John Miller.
J. H. CLEMENT, Judge Presiding."
The plaintiff excepted and assigned error to the judgment of the court and to the facts found therein, excepted to the judgment of the court approving the referee's judgment, and appealed to the Supreme Court. Also, "To the ruling of his Honor in failing to sustain plaintiff's exceptions to the referee's report and motion to remand for causes set forth in said exceptions; and to his Honor's findings of fact (or conclusions *Page 389 
of law) wherein he finds that Ellis (or G. E.) Young owns at this time one-half interest in the mineral rights to said land. And in striking from the referee's conclusions of law the following: `That plaintiff is entitled to judgment against the defendants W. W. Young and John Miller for costs of this action, to be taxed by the clerk.' And in finding that the feldspar admitted to have been taken from the premises by W. W. Young was without value; and in failing to adjudge or tax W. W. Young with the costs; and in failing to find (or to remand the cause for the referee to find) the amount actually paid to the referee, stenographer, and other costs."
A Superior Court judge may affirm, disaffirm, or modify report of referee in compulsory reference as well as in consent reference. First Sec.Trust Co. v. Lentz, 196 N.C. 398, 145 S.E. 776; Anderson v. McRae,ante, 197.
"Speaking to the subject in Dumas v. Morrison, 175 N.C. 431,95 S.E. 775, Walker, J., delivering the opinion of the Court and pointing out the difference between the duties of the trial court and the appellate court in dealing with exceptions to reports of referees, said: `It must be remembered that a judge of the Superior Court in reviewing a referee's report is not confined to the question whether there is any evidence to support his findings of fact, but he may also decide that while there is some such evidence, it does not preponderate in favor of the plaintiff, and thus find the facts contrary to those reported by the referee. The rule is otherwise in this court when a referee's report is under consideration. We do not review the judge's findings, if there is any evidence to support them, and do not pass upon the weight of the evidence.'" Anderson v.McRae, supra, pp. 198-9.
In Mills v. Realty Co., 196 N.C. 223 (225), we find: "C. S., 578, empowers a trial judge to `review the report and set aside, modify, or confirm it in whole or in part,' etc. Thus supervisory power is broad and comprehensive. Dumas v. Morrison, 175 N.C. 431, 95 S.E. 775. In the exercise of the power the trial judge may recommit the report for the correction of errors and irregularities, or for more definite statement of facts or conclusions of law, and such order recommitting the report for such purpose is not appealable. Commissioners v. Magnin, 85 N.C. 115;Lutz v. Cline, 89 N.C. 186; S. v. Jackson, 183 N.C. 695,110 S.E. 593; Coleman v. McCullough, 190 N.C. 590, 130 S.E. 508."
We think that there was evidence to support the findings of fact by the court below; therefore the judgment in the court below is
Affirmed. *Page 390