## RAY T. DENT v. THE ENGLISH MICA COMPANY.

(Filed 13 October, 1937.)

**1. Appeal and Error § 37e—**

Findings of fact made by a referee, approved by the judge of the Superior Court, are conclusive on appeal to the Supreme Court if they are supported by any competent evidence.

**2. Reference § 9—**

Upon appeal to the Superior Court in a consent reference, the trial judge has the power to make his own findings of fact upon matters presented by exceptions.

**3. Appeal and Error § 40a—**

Where the findings of fact of the referee are supported by evidence and are approved by the trial court, judgment in accordance with correct conclusions of law based on the facts will be affirmed.

**4. Appeal and Error § 8—**

Where a party contends in the Superior Court that no contract existed between him and the adverse party at the time, he may not contend on appeal to the Supreme Court that the contract alleged is not binding or enforceable, since the appeal will follow the theory of trial in the lower court.

WINBORNE, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Clement, J.,* at July-August Term, 1937, of MITCHELL.

Civil action to recover for services rendered under contract of employment and for damages resulting from the breach of said contract.

Upon denial of the contract (under which plaintiff served as plant manager of defendant corporation), and counterclaim or cross demand for moneys overpaid the plaintiff, there was a reference under the Code, apparently by consent, though no order of reference appears on the record. The report of the referee, which appears only in the judgment, finds for the plaintiff on his first cause of action ($5,842.54, with interest), against him on the second, and denies the defendant's counterclaim.

Upon exceptions duly filed, the matter came on for hearing at the July-August Term, 1937, Mitchell Superior Court, and resulted in adoption and confirmation of the referee's report. Defendant appeals, assigning errors.

*McBee & McBee and Harkins, VanWinkle & Walton for plaintiff, appellee.*

*Hamilton Douglas and Alfred S. Barnard for defendant, appellant.*

STACY, C. J. It is the established rule of procedure in this jurisdiction that the findings of fact made by a referee, adopted and concurred in by the judge of the Superior Court, are conclusive on appeal, if they are supported by any competent evidence. C. S., 578; *S. v. Jackson,* 183 N. C., 695, 110 S. E., 593; *Dorsey v. Mining Co.,* 177 N. C., 60, 97 S. E., 746; *Comrs. v. Abee Bros.,* 175 N. C., 701, 96 S. E., 21; *Hudson v. Morton,* 162 N. C., 6, 77 S. E., 1005; *Thornton v. McNeely,* 144 N. C., 622, 57 S. E., 400; *Hunter v. Kelly,* 92 N. C., 285. Indeed, it was said in *Boyle v. Stallings,* 140 N. C., 524, 53 S. E., 346, that the Supreme Court has "no power to review the conclusions of fact as found by the referee and sustained by the judge, unless it appears that such findings have no evidence to support them." The rule, of course, is otherwise in the Superior Court, where the judge, upon exceptions, may make his own findings of fact. *Mineral Co. v. Young,* 211 N. C., 387, 190 S. E., 520; *Anderson v. McRae, ibid.,* 197, 189 S. E., 639; *Maxwell v. R. R.,* 208 N. C., 397, 181 S. E., 248; *Dumas v. Morrison,* 175 N. C., 431, 95 S. E., 775.

Here, the findings of fact made by the referee are amply supported by competent evidence, and his conclusions of law, based thereon, are correct. These have been adopted and concurred in by the judge. Hence, upon the record, the judgment will be upheld.

Before the referee, and in the court below, the position of the defendant was, that no contract of employment existed between the plaintiff and the defendant during the time for which plaintiff sues. On appeal, the position of defendant is that the contract is not binding or enforceable. This is taking "two bites at the cherry." *Thompson v. Funeral Home,* 205 N. C., 801, 172 S. E., 500. Having tried the case upon one theory, the law will not permit the defendant to change its position, or "to swap horses between courts in order to get a better mount in the Supreme Court." *Weil v. Herring,* 207 N. C., 6, 175 S. E., 836; *Holland v. Dulin,* 206 N. C., 211, 173 S. E., 310. "The theory upon which a case is tried must prevail in considering the appeal, and in interpreting a record and in determining the validity of exceptions"—*Brogden, J.,* in *Potts v. Ins. Co.,* 206 N. C., 257, 174 S. E., 123.

No damages were awarded the plaintiff for breach of the contract. His recovery has been limited to services rendered thereunder. No sufficient cause has been made to appear for disturbing the judgment.

Affirmed.

WINBORNE, J., took no part in the consideration or decision of this case.