J. G. MILLER et al. v. Z. GROOME.

*Reference—Exceptions.*

In a reference under *The Code,* it is the duty of the trial Court to review and pass upon all the exceptions to the report of the referee, whether to the conclusions of law or findings of fact, and set aside, modify or confirm them according to his judgment; his conclusions upon the exceptions to matters of law are reviewable, but those upon the facts are not.

CIVIL ACTION, heard upon exceptions to the report of a referee at February Term, 1891, of GUILFORD Superior Court, before *Boykin, J.*

The referee gave judgment for defendant, and plaintiff filed exceptions to his report. Upon the call of the case, the pleadings, report, order of reference and exceptions were read, when his Honor asked if the law laid down by the referee was conceded to be correct on the facts found, and the plaintiff answered " Yes." His Honor further asked if the testimony upon which the findings of fact were made was conflicting and contradictory, and being answered by the

plaintiff that it was, he declined to hear the testimony, over-ruled the exceptions, and the plaintiff appealed from the judgment rendered, assigning as error that his Honor did not hear the testimony and pass upon the same, and that he overruled the exceptions.

*Mr. J. T. Morehead,* for plaintiffs.

*Messrs. Dillard & King* (by brief) and *J. E. Boyd,* for defendant.

DAVIS, J.: This was a reference under *The Code,* and the referee, as was his duty, reported the facts found and his con-clusions of law separately, and he also reported the evidence upon which he found the facts, and, as a matter of right, either party could file exceptions, appeal and have the report reviewed by the Judge of the Superior Court, whose duty it is to consider the exceptions and set aside, modify or confirm the report, according to his judgment, and his ruling upon the findings of fact is conclusive upon this Court, but his rulings upon questions of law are subject to review here. *Commissioners* v. *Magnin,* 85 N. C., 114, and cases cited; *McNeill* v. *Hodges,* 105 N. C., 52. The plaintiff filed excep-tions to the referee's report, both as to findings of fact and conclusions of law. One of the exceptions was to the com-petency of testimony, which, if overruled, would be the sub-ject of review in this Court. It was clearly the right of the appellant to have the report of the referee reviewed by the Judge. *The Code,* § 423. It was perfectly competent, upon review, if he so thought, to adopt the findings of fact and conclusions of law of the referee, and then they would become the findings and conclusions of the Court; but it was error in his Honor to summarily dispose of the exceptions by over-ruling them and confirming the report, without reviewing and passing upon them judicially.

Error.