L. S. OVERMAN, ADMINISTRATOR, v. MATTIE LANIER ET AL.

(Filed 9 November, 1911.)

1. Appeal and Error—Reference—Trial Judge—Judgment Pro Forma —Constitutional Law.

It is required of the trial judge to review and pass upon exceptions to a report of a referee as to the facts found and the conclusions of law thereon, and a *pro forma* judgment entered by him for any reason cannot be reviewed by the Supreme Court on appeal under Article IV, sec. 8, of our Constitution, for it is only *decisions* of the lower courts which may thus be considered.

2. Appeal and Error—Reference—Judgment—Burden of Presumptions—Procedure.

The presumption on appeal to the Supreme Court is that the judgment of the lower court is correct, and a *pro forma* judgment entered by the trial judge confirming a report of a referee improperly throws the burden of this presumption upon the appellant and is unfair to him, and to the Supreme Court, which has a right to the judge's well-considered conclusions.

3. Appeal and Error—Reference—Pro Forma Judgments—Costs— Records—Another Appeal.

It appearing from the statement made in the Supreme Court by the parties óf record, that the trial judge entered a *pro forma* judgment, by consent of both parties, without consideration, upon a report of a referee, the cause is remanded to the judge holding the courts of the district from which the appeal comes, with direction that he carefully review the findings of fact and conclusions of law of the referee wherever excepted to and enter his deliberate judgment as to each exception. Each party is taxed with one-half the costs of appeal, and the appellants allowed to withdraw the record and use so much of. it as is useful and appropriate, should he deem another appeal desirable.

APPEAL from *Lyon, J.,* at May Term, 1911, of ROWAN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*T. F. Kluttz, E. C. Gregory, T. J. Jerome, E. J. Justice, L. H. Clement, and Charles W. Tillett for plaintiff.*

*Walser & Walser, G. W. Garland, Burwell & Cansler, Manly, Hendren & Womble for defendant.*

CLARK, C. J. This case was referred by consent, and on the coming in of the report there were many exceptions, both to the findings of facts and to the conclusions of law. The record states that all exceptions were overruled and that the court confirmed the report in all respects. Both sides appealed. When the case was called in this Court it was stated by counsel on both sides that the judge below, owing to the rush of business and the anxiety of both parties to get the case sent up for review, had entered a *pro forma* judgment without having really considered any of the exceptions.

Under the former system, before the Constitution of 1868, this Court was the creation of the Legislature, and under the construction of the creating act causes in equity were usually transmitted to this Court upon a *pro forma* judgment because this Court passed upon the findings of fact. But under the Constitution of 1868, Art. IV, sec. 8, this Court reviews upon appeal any *"decision"* of the courts below. When a *pro forma* judgment is rendered, there has been no decision, and hence no appeal can be entertained. In *S. v. Locust,* 63 N. C., 575, which was a civil judgment upon a peace bond, this Court said: "We take occasion to remind the judges of the Superior Courts that we will not hereafter consider cases sent to this Court upon *pro forma* judgments, as this Court is entitled to the benefit of their well-considered opinions upon questions of law which may arise in such cases."

In *Hines v. Hines,* 84 N. C., 125, the Court cites with approval the above quotation from *S. v. Locust.* In *Miller v. Groome,* 109 N. C., 149, the Court said: "It was perfectly com-

petent for the judge, *upon review,* if he thought so, to adopt the findings of fact and conclusions of law of the referee, and then they would become the findings and conclusions of the court; but it was error in his Honor to summarily dispose of the exceptions by overruling them and confirming the report without reviewing and passing upon them judicially."

In *Thompson v. Smith, ante,* 345, *Mr. Justice Walker* reviews the subject and says: "When exceptions are taken to a referee's findings of fact and law, it is the duty of the judge to consider the evidence and give his own opinion and conclusions both upon the facts and upon the law. He is not permitted to do this in a perfunctory way, but he must deliberate and decide as in other cases—use his own faculties and ascertain the truth, and form his own judgment as to fact and law. This is required not only as a check upon the referee and a safeguard against any possible errors on his part, but because we cannot *review* the referee's findings in any other way. The point was presented clearly and directly in *Miller v. Groome,* 109 N. C., 148, and controls this case." And thereupon it was further said: "The cause is remanded with directions that the judge of the Superior Court will review the referee's findings of fact and his rulings as to law upon the exceptions thereto."

There are other decisions to the same effect. But the above are sufficient, if indeed any authority were needed under the terms of our Constitution. The litigants are entitled to, and should have, the opinion of the learned lawyer who presides in the Superior Court, who should carefully review the entire evidence and make his own findings of fact, and enter his own conclusions as to the law. If this is done in a perfunctory way, as by a *pro forma* judgment, there is no method in which the findings of fact by the referee can be reviewed when there is any evidence whatever upon the findings excepted to. This Court also, as well as the parties, are entitled to the aid of the judgment of the court below after the full consideration of the cause by him. The presumption is that the judgment below is correct, and the burden is upon the appellant to overcome that presumption. It is not fair to him nor to this Court to throw the burden of that pre-

sumption against either party unless the judge has fully and carefully considered the cause before rendering the judgment, as it is his duty to do in every case.

If this were a consent judgment, no appeal would lie. Besides, "Consent judgments are in effect merely contracts of the parties," and have no validity as precedents. *Bank v. Commissioners,* 119 N. C., 226, and cases there cited.

Even if this Court had power to recognize such a course as was here taken, it would not do so, because the result would be to transfer into this Court, without review or consideration by the judge below, all cases where there is a report by a referee. It would result that this Court would necessarily be compelled to review the findings of fact by the referee, a duty which devolves upon the trial judge. The cause must therefore be remanded, as in *Thompson v. Smith, ante,* 345, to the judge holding the courts of the district, with directions that he carefully review the findings of fact and conclusions of law of the referee wherever excepted to and enter his deliberate judgment as to each exception.

As the *pro forma* judgment was entered with the assent of both parties, each will pay half the costs of this appeal. It may be that the judgment entered by the judge below upon consideration of the case in accordance with law, and as herein directed, may prove satisfactory to one or to both parties. But if there should be an appeal from his judgment, the appellant may use so much of the printed matter sent up in this case as may be useful and appropriate in that appeal. To that end all the printed matter sent up in this case may be withdrawn by the parties.

Remanded.