## HARDY v. THORNTON.

(Filed 13 October, 1926.)

**Reference—Findings—Appeal and Error.**

> The findings of fact by the trial judge upon the report of a referee supported by competent evidence, are not reviewable on appeal.

CIVIL ACTION tried before *Nunn, J.,* and a jury, at February Term, 1926, of GREENE.

Plaintiff, landlord, instituted a suit against the defendant, his tenant, to recover balance due on a running account for the years 1919, 1920, and 1921. A claim and delivery was instituted at the beginning of the suit, and the 1921 crop of defendant seized thereunder. The crop was afterwards sold. The defendant denied the indebtedness, and further, that plaintiff had any lien on the 1921 crop for the payment of advances for the preceding years. At the December Term, 1924, a compulsory reference was ordered and Hon. G. V. Cooper appointed referee by Judge G. E. Midyette. Thereafter, the referee, after hearing the evidence and argument of counsel, filed a report which embodied findings of fact and conclusions of law as required by statute. Both sides filed exceptions to the referee's report, and the cause came on for a regular hearing before Nunn, J., at the February Term, 1926, who heard the exceptions of the parties, and, after submitting certain issues to the jury, entered judgment that "the report of the referee, except as the same is modified by the aforesaid findings of the jury, and as further modified by this judgment, be, and the same is in all respects approved and confirmed."

The jury found in favor of the plaintiff, and from judgment on the verdict the defendant appealed.

*John G. Anderson, Sutton & Greene for plaintiff.*
*Shaw, Jones & Jones for defendant.*

PER CURIAM. The court ordered a compulsory reference under C. S., 573, because the controversy involved the "examination of a long account on either side." The exceptions to the compulsory reference were withdrawn. It is established law in this State that a finding of fact by a Superior Court judge on exceptions to a referee's report is not reviewable in the Supreme Court if there is evidence to support such finding by the trial judge. *Miller v. Groome,* 109 N. C., 148; *Thompson v. Smith,* 156 N. C., 345; *Dumas v. Morrison,* 175 N. C., 431; *Caldwell v. Robinson,* 179 N. C., 518.

In this case the findings of fact are all supported by evidence, and have been approved by the trial judge. Hence, such findings are not reviewable in this Court. *Dorsey v. Mining Co.*, 177 N. C., 60.

The record is voluminous and many exceptions were taken to the evidence and the charge of the court. Each of the exceptions has been examined and considered, but the Court is of the opinion that the case was properly tried and in accordance with well-settled principles of law.

No error.