THOMAS GREER ET AL. v. BOARD OF COMMISSIONERS OF WATAUGA COUNTY ET AL.

(Filed 15 December, 1926.)

**1. Reference—Evidence—Findings of Fact—Appeal and Error—Review.**

Upon the coming in of the report of the referee, it is required of the trial judge to pass upon the evidence and the findings of fact, with the power to change or modify the findings upon supporting evidence, and when this is done in conformity with the law, the findings so made are not reviewable on appeal in the Supreme Court.

**2. Same—Presumptions.**

Where the Superior Court judge reverses the conclusions of law of the referee and the record is silent as to any findings of fact made by him, it will be presumed that he approved of the findings of fact by the referee set out in the record.

**3. Same—Conclusions of Law—Record.**

Where the plaintiff seeks to recover damages for the taking of his land for the use of a public highway, without compensation, and the cause has been referred to a referee, who has found as a fact that the special advantages will equally offset the value of the land so taken, a conclusion of law of the judge thereon awarding plaintiff additional damages without change in the referee's findings of fact, is unsupported by the facts found and the cause will be remanded to be proceeded with in the due course and practice of the courts.

CIVIL ACTION, before *Lane, J.,* at September Term, 1926, of WA-TAUGA.

The plaintiff instituted an action against the board of county commissioners and the good road commission of Watauga County, alleging that the defendants "without any condemnation proceedings, and without the consent of plaintiff, and without any notice to plaintiff, entered upon" the lands of plaintiff and appropriated part of his land; and, further, that in the construction of the road, certain personal property, to wit, rails and corn, was destroyed, and also certain fruit trees, and that the total damage suffered by him by reason of such unlawful taking was $3,500.

By consent of the parties, the matter was referred to J. H. Burke as referee, who was authorized to hear the entire controversy and to report to the court his findings of fact and conclusions of law. Thereupon the referee heard all of the evidence and argument of counsel and filed a report.

The referee found that the plaintiff had suffered damage in the sum of $1,065.00, but paragraph nine of his report is as follows: "That the plaintiff received special benefits from the construction of the highway, which was not common to other landowners along said highway,

in that the highway made accessible a very fine view, suitable for development, and by so doing greatly enhanced the value of the plaintiff's property, and the benefits to the plaintiff on this occount, which is found not to be common to other property owners, in a sum equal to or greater than the sum of $1,065; and I find the benefits to the plaintiff to be $1,065, which is found to be a proper set-off as against the items found as damages to the plaintiff, and that after deducting the benefits as herein referred to, being special benefits, that the plaintiff has not sustained any damages.

"*Conclusions of Law:* That upon the foregoing findings of fact, I conclude that as a matter of law, the plaintiff is not entitled to recover any sum whatever, for the reason that the special benefits received fully cover any damage that he sustained otherwise.

J. H. BURKE, <em>Referee.</em>"

The plaintiff duly filed exceptions to the referee's report as follows: "That the plaintiff excepts and objects to Item No. 9 of the referee's report, for the reason that the same is against the greater weight of the evidence, and for the further reason that there is no evidence in the record of any special benefits received by the plaintiff over and above the general benefit received by other landowners through whose land the highway was constructed."

The matter came on for hearing upon the report and exception thereto, and the following judgment was rendered: "This cause coming on to be heard before his Honor, Henry P. Lane, judge presiding, upon exceptions filed to the report of the referee in this cause, and being heard, it is considered and adjudged by the court that the exceptions filed by the plaintiff to the referee's report be, and the same are hereby overruled and reversed:

It is, therefore, upon motion of T. C. Bowie, attorney for plaintiff, considered and adjudged that the plaintiff recover of the defendant the sum of $1,065 and the costs of this action to be taxed by the clerk.

HENRY P. LANE, <em>Judge Presiding.</em>"

From the judgment so rendered the defendant appealed.

*T. C. Bowie* for plaintiff.
*Brown & Bingham* and *F. A. Linney* for defendant.

BROGDEN, J. The trial judge sustained the exception to the referee's report, and rendered judgment for the plaintiff without finding any facts.

The referee found the facts, and also found as a conclusion of law upon such facts that the plaintiff was not entitled to recover for the

reason "that the plaintiff received special benefits from the construction of the highway which was not common to other landowners along said highway, in that the highway made accessible a very fine view, suitable for development, and by so doing greatly enhanced the value of plaintiff's property, and the benefits to the plaintiff on this account, which is found not to be common to other property owners, in a sum equal to or greater than the sum of $1,065, . . . and that after deducting the benefits as herein referred to, being special benefits, that the plaintiff has not sustained any damages."

"The Judge having made no specific findings of fact, he is presumed to have adopted those of the referee. . . . . But the finding of the referee was adverse, and we cannot review his findings of fact. The judge below possessed that power, but he approved the referee's findings." *McEwen v. Loucheim,* 115 N. C., 348. If the trial judge had found the facts on exceptions filed to the referee's report, such findings are not reviewable in the Supreme Court, if there is evidence to support them. *Miller v. Groome,* 109 N. C., 148; *Dumas v. Morrison,* 175 N. C., 431; *Caldwell v. Robinson,* 179 N. C., 518; *Hardy v. Thornton,* ante, 296.

The judge, upon exceptions duly filed to a referee's report, may set aside, modify or confirm the report of the referee, but if he does not find the facts, the facts found by the referee are presumed to have been adopted by the judge. So that, in this case, we have this situation: The referee has found, as a fact, that the construction of the highway made available to the plaintiff certain special benefits not common to other property in the neighborhood and similarly situated. By reason of the failure of the trial judge to find the facts in regard to the special benefits alleged, the finding by the referee stands.

Therefore, the judgment is not supported by the facts found.

In *Davis v. Davis,* 184 N. C., 108, the proper procedure, in such cases, is stated thus: "When exceptions are taken to a referee's findings of fact and law, it is the duty of the judge to consider the evidence and give his own opinion and conclusion, both upon the facts and the law. He is not permitted to do this in a perfunctory way, but he must deliberate and decide as in other cases—use his own faculties in ascertaining the truth, and from his own judgment as to fact and law. This is required not only as a check upon the referee and a safeguard against any possible error on his part, but because he cannot review the referee's findings in any other way."

Upon the present record, therefore, in accordance with established principles of law, the judgment is set aside and the cause remanded for further consideration of the report of the referee, in conformity to the course and practice of the Court.

Remanded.