L. P. LONDON, JR., v. COMMISSIONERS FOR YANCEY COUNTY.

(Filed 26 January, 1927.)

1. Counties—Highways—Contracts—County Commissioners— Corporate Action—Minutes.

In an action against the county by a road contractor for additional compensation under an alleged agreement that the county commissioners would pay the contractor an additional amount to the contract price for a material change made in the location of a highway, it must be shown by the plaintiff that the commission acted in their official capacity at a lawful meeting held by them by resolution properly passed, though not necessarily recorded upon the minutes of their meeting.

2. Same—Evidence—Remand.

*Held*, upon the record of this appeal there was no sufficient evidence that the county commissioners acted in their corporate capacity in contracting to pay an additional sum for the change made in the relocation of the county highway, and the case is remanded.

3. Appeal and Error—Reference—Evidence—Findings of Fact—Review.

When exceptions have been filed to the referee's report and thereupon the judge finds the facts upon such exceptions, such findings are not reviewable in the Supreme Court on appeal if there is evidence to support them.

CIVIL ACTION before *Stack, J.*, at March Term, 1926, of YANCEY.

The plaintiff instituted an action against the defendants alleging that he was awarded a contract by the defendant to build a public road or highway in said county, and that after he had entered upon the work under said contract that the defendant stopped "the construction of the road as staked, and arbitrarily and unreasonably ordered the plaintiff to take a new and entirely different route." . . . Plaintiff refused to make this change under the terms of the contract, and so notified the defendant. "Whereupon, at a meeting between the plaintiff and the defendant . . . it was agreed between the plaintiff and the defendant that the plaintiff should build the road as changed, which was an entirely new road over a new route, and that the additional expense and loss of time, expense involved in maintaining the equipment and organi-

zation should be allowed to the plaintiff and that he should be paid for the same in a just and reasonable settlement to be had between the parties after the construction of said road."

The plaintiff further alleged that he completed the work and that there is now due him $698.00 on the contract, and that there is due him an additional sum of $5,238.59 for other work, loss of time and expense incurred by reason of said change in the contract.

The defendant denied that any material change had been made in the contract and denied that the county commissioners of Yancey County had made any new contract to compensate plaintiff for any changes in the work. The defendants admit that they owe the plaintiff the sum of $698, and tendered judgment for that amount.

The cause was referred to a referee, who heard all the testimony, and thereafter submitted his report, containing his findings of fact and conclusions of law. Exceptions were filed to the referee's report, and the cause came on for hearing before the trial judge.

The judgment of the trial judge is as follows:

"This cause coming on for hearing before the undersigned judge holding the courts of the Eighteenth Judicial District, and being heard upon the report of the referee and the plaintiff's exceptions thereto; and the plaintiff upon his motion being allowed to make additional exceptions to findings of fact, this Court reviewed the whole cause and finds as follows:

1. In addition to findings of fact No. 4, this court finds that plaintiff's bid was made and let for the excavation for the whole of the road contracted for as staked by the State Engineer and shown to the plaintiff by the representative of the county.

2. As to paragraph No. 5, to which the plaintiff was allowed to make additional exceptions, the said finding is overruled in so far as it is found that the commissioners promised to give plaintiff only 'all his contract called for,' and it is found that the commissioners by their action and action of the engineer and by their acquiescence in the written statement of the plaintiff, and by requiring the plaintiff to build the road upon a new route contracted to compensate him for his additional expense and loss by reason of such requirement.

3. Finding No. 9 is approved, except the last clause, which is overruled and reversed.

4. Finding of fact No. 11 is reversed in so far as it conflicts with the further findings herein in the foregoing and subsequent paragraphs.

5. The last paragraph in finding 13 is overruled, and it is here found that such requirement of the engineer without compensation to the plaintiff was arbitrary and without regard to rights of plaintiff. It is further found in relation thereto that the change was to the great ad-

vantage of the county, resulted in the saving of more than six thousand dollars, and was reasonably worth to the county the sum of $2,400 in addition to the amount allowed by the engineer under the original contract price.

6. Paragraph No. 14 is confirmed, except in so far as it holds that the plaintiff is not entitled to recover the $2,400 there stated, and is entitled to recover only $698, as to which finding the same is reversed and overruled.

7. I find as a fact that the work of the plaintiff required to be done by the engineer and representatives of the county on the road as changed from the stakes to the new route was a material change, not in contemplation of the parties under the contract, required a large additional expense in amount equal to the amount allowed herein, was of advantage much greater to the county than the amount here allowed, and was reasonably worth such amount, and the plaintiff was entitled to recover therefor the sum of $2,400, and the further sum of $698, with interest on last amount from 13 June, 1923.

Upon the foregoing facts I find as a matter of law that the plaintiff is entitled to recover the said two sums of $2,400 and $698, with interest on the $698, as above, and the cost of this action, including $100 allowed the referee and including $125 heretofore advanced by the plaintiff, all of which shall be taxed by the clerk."

*Pless, Winborne & Pless for plaintiff.*
*Charles Hutchins for defendant.*

BROGDEN, J. When exceptions have been filed to a referee's report and thereunder the judge finds the facts upon such exceptions, such findings are not reviewable in the Supreme Court, if there is evidence to support them. *Miller v. Groome,* 109 N. C., 148; *Dumas v. Morrison,* 175 N. C., 431; *Caldwell v. Robinson,* 179 N. C., 518; *Hardy v. Thornton,* 192 N. C., 296; *Greer v. Comrs.,* 192 N. C., 714.

The referee found as a fact: "No action was ever taken by the board of commissioners, acting as a body or in meeting assembled, changing or modifying the written contract."

The judge overruled this finding of fact and found as follows:

"And it is found that the commissioners, by their action and the action of the engineer and by their acquiescence in the written statement of plaintiff, and by requiring the plaintiff to build the road upon a new route contracted to compensate him for his additional expense and loss by reason of such requirement."

The only question therefore to be determined is whether there is evidence to support this finding of fact, that the board of county commissioners made a supplemental contract with the plaintiff.

Certain letters are referred to in the record as exhibits. None of these exhibits, however, have been put in the record, and we are unable to determine their probative value. A printed form of the contract is also sent, but there is nothing inserted in the blanks to enable us to determine what the written contract itself provided, other than the statements of witnesses.

C. S., 1290, provides that the powers delegated to counties by statute "can only be exercised by the board of commissioners or in pursuance of a resolution adopted by them." No resolution providing for the supplemental contract alleged by the plaintiff appears in the record. The fact, however, that a resolution was not actually spread upon the minutes would not be conclusive. *Hearne v. Comrs.*, 188 N. C., 45. But in order to make a valid and binding contract upon the county, the commissioners must act in their corporate capacity in a meeting duly held as prescribed by law. *Hearne v. Comrs.*, 188 N. C., 45; *Fore v. Feimster*, 171 N. C., 551; *Wright v. Kinney*, 123 N. C., 618.

Did the commissioners act in their official capacity upon the question of this supplemental contract?

The plaintiff testified: "The change, taking me away from the stakes, was made before we reached station 120, through the board of commissioners. . . . I came to see the commissioners myself once or twice and explained the circumstances to them. Mr. Wheeler, Mr. Proffitt and Mr. Thomas, the commissioners, came down to the work to make their decision; that is, they agreed to do so, so as to untie me and let me go on. They did not decide that day, and put it off till 17 March in order to make a trip to Raleigh to see whether the State would accept it on the opposite side of the creek. They came back, and I met them on 19 March again, and they decided at that time and gave me a letter of instruction to carry to Mr. Smith and his crew to proceed on the State survey. Mr. Smith arranged the meeting for us on the first Monday in March with the commissioners or the first Monday in April, . . . and we met in Mr. Smith's office, and Mr. Smith told Mr. Wheeler, chairman of the board of commissioners, and who was actively dealing with this road for the commissioners. Mr. Smith stated the situation to Mr. Wheeler. Others of the board were present, but he was talking generally to Mr. Wheeler, and told him I objected to the change. . . . We argued awhile and Wheeler agreed he would bring his board and come down the next week, and if I was justly due any compensation he would give it to me."

It appears then that there was some conversation between members of the board of county commissioners and the plaintiff in Mr. Smith's office. It does not appear whether this was a regular meeting of the board of county commissioners or not, or whether the commissioners at

the time were acting in their official capacity, or whether the letter of instructions referred to was authorized by the board, or as to what the contents of these various letters were. In this uncertain state of the record we are unwilling to determine the rights of the parties. If the board of commissioners of Yancey County were duly assembled and made the alleged agreement with the plaintiff, or if the board authorized its chairman or any other person to give a letter of instructions directing the work to be changed, and agreeing to pay a fair compensation therefor, then the plaintiff is entitled to recover the amount allowed.

The cause is remanded to the Superior Court of Yancey County for specific findings of fact as to whether the board of commissioners of said county, in their corporate capacity, made the supplemental contract or authorized the chairman or any other persons to make it.

Remanded.