STACY, C. J., took no part in the consideration or decision of this case.
Civil action to recover balance due on promissory note executed by C. Clair Conner to plaintiff for money loaned — payment of which is alleged to have been assumed by defendant, etc.
I. Plaintiff bases its alleged right to recover on three separate causes of action as set forth in its complaint:
First: On express contract, for payment of $79,674.45, with interest thereon at rate of 4 percent per annum, from certain date, balance due upon a promissory note for $100,000.00, dated 1 December, 1936, executed and delivered by one C. Clair Conner to plaintiff as evidence of a bonafide loan in the full amount of principal of said note, payable $5,000.00 on 1 December, 1937, and a like amount on 1 December each year thereafter until the full amount be paid, with acceleration clause therein, and secured by a duly registered deed of trust of even date therewith executed and delivered by C. Clair Conner, unmarried, to Julian Price, Trustee, conveying therein a certain lot of land in the city of High Point, payment of which note defendant Guilford County agreed to assume, and assumed by the terms of a deed dated 10 January, 1938, executed and delivered by C. Clair Conner and wife conveying to Guilford County the said lot of land (less a portion thereof which they had conveyed to the city of High Point for street widening purposes), and on which note Guilford County thereafter made payments, leaving the balance of principal as hereinabove stated, payment of which has been demanded and refused. *Page 295 
Second: On quantum meruit and to establish equitable lien therefor, for that pursuant to an agreement between C. Clair Conner and defendant Guilford County the money loaned by plaintiff, as evidenced by the note of C. Clair Conner as described in the first alleged cause of action, was used in the purchase of a lot of land in the city of High Point, the one described in the deed of trust from C. Clair Conner to Julian Price, Trustee, and in the erection of a county building thereon, at the cost and reasonable worth of more than $121,000.00, to house and accommodate branch offices of the county government in said city, for, among, other things, sessions of the Superior Court, which building was erected and is used for a public purpose, and is a necessary expense, and, hence, defendant is obligated to pay to plaintiff the balance of $79,674.45 with interest, due on said money loaned and invested in said property, and that plaintiff having furnished substantially all the moneys with which said lot and building were acquired, is entitled to an equitable lien on the land and building for the amount of said balance, and that defendant is estopped to deny said indebtedness to plaintiff and its right to such equitable lien.
Third: On the equitable principle of restitution, for that defendant, having elected not to rescind the transaction, and place parties in statuquo, but to hold and retain property, is obliged to do justice, under the circumstances, that is, to compensate plaintiff in the sum of $79,674.45, with interest.
II. Defendant, in answer to the various allegations in the several causes of action set up by plaintiff, denies liability to plaintiff in any aspect of the factual situation. And for further defense, summarily stated, avers:
1. That on 16 November, 1936, the then board of commissioners for the county of Guilford, at an adjourned meeting, adopted the following resolution:
"Motion made by Joe F. Hoffman, Jr., and seconded by J. W. Burke and carried, that Geo. L. Stansbury, Chairman, is hereby given power to negotiate with Clair Conner for the Bradshaw home place property in High Point, N.C. and to sign a contract for the purchase of same provided the property can be bought not to exceed $32,000.00. This deal to be consummated by the Chairman provided Conner will agree to furnish the County money to erect on said lot a building such as the Commissioners may specify and direct, the total purchase price of lot and building not to exceed $100,000.00, Conner to negotiate loan on said property for the complete cost price of lot, building and other improvements, said loan to run for twenty (20) years at an interest rate of four (4) percent per annum, interest to be paid semi-annually and principal to be reduced 1/20 each year. As soon as building is completed or within *Page 296 
one year from this date the County will take deed to this property, and in said year formally assume Conner's total obligation on same. It is also agreed that the County will hold Conner harmless from the obligations incurred by him in connection with this project on behalf of the County."
2. That thereafter on 23 November, 1936, and pursuant thereto, the then chairman of said board of commissioners in the name of Guilford County, as party of first part, entered into a contract with C. Clair Conner, as party of the second part, substantially as follows: That whereas an agreement had been entered into between the parties thereto, Guilford County, and C. Clair Conner, with the plaintiff here "to provide funds for the purchase price of said property, and to erect a building and make other improvements thereon," the parties thereto, for valuable consideration "contract and agree as follows:
"(1) The party of the second part is to take title in his own name by a good deed in fee simple to the above referred to property, and to pay therefor in cash with funds to be provided by said Jefferson Standard Life Insurance Company the sum of Thirty Two Thousand Dollars ($32,000.00).
"(2) The party of the second part is to execute to Julian Price, Trustee for the Jefferson Standard Life Insurance Company, a deed of trust on said property to secure the payment of the purchase price of said lot, and also the money to be furnished to erect on said lot a building and other improvements as the Board of County Commissioners may specify and direct, the total price of lot and building and other improvements not to exceed One Hundred Thousand Dollars ($100,000.00), said loan to run for twenty (20) years at an interest rate of four (4) percentum per annum, interest to be paid semi-annually, and principal to be reduced one-twentieth (1/20) each year, and the party of the second part agrees to furnish to the party of the first part the money to erect said building and make said improvements on the lot above referred to as said money may be needed by the party of the first part for the purposes aforesaid.
"(3) As soon as said building is completed, or within one (1) year from the 16th day of November, 1936, the party of the first part will take deed to the above described property, and in said deed formally assume the party of the second part's total obligation on same, and the party of the second part hereby contracts and agrees that as soon as said building is completed, or within one (1) year from the 16th day of November, 1936, he will convey all of the above referred to property to the party of the first part, and will execute and deliver to the party of the first part a good fee simple deed therefor. *Page 297 
"(4) It is understood and agreed that in carrying out and discharging the conditions and obligations of this contract, the party of the second part is acting solely as the agent of, for the benefit of, and on behalf of the party of the first part, and the party of the first part hereby agrees to hold the party of the second part harmless from the obligations incurred by him in connection with this project on behalf of the party of the first part.
"(5) The party of the second part is not to receive any compensation for acting as agent as herein provided for."
3. That pursuant to the agreement last above set forth C. Clair Conner, as agent for Guilford County, purchased and acquired the Bradshaw lot in the city of High Point from Mrs. Sallie J. Bradshaw, by deed dated 1 December, 1936, and duly registered in office of register of deeds of Guilford County, and thereafter executed and delivered a note to plaintiff in the principal sum of $100,000.00 bearing interest at the rate of four percentum per annum, securing same by execution and delivery of a deed of trust to Julian Price, Trustee, for the benefit of plaintiff, conveying the said lot of land.
4. That shortly thereafter the then board of commissioners of Guilford County let a contract, privately and without advertising for bids, etc., for the construction of said county building in the city of High Point, and had same constructed at cost of approximately $89,679.61, which together with purchase price of lot, and incidental expense, $32,004.00, amounted to a total of $121,683.61, part of which was paid out of the general funds of the county and a part of which was obtained from plaintiff on the note and deed of trust executed by C. Clair Conner, as hereinabove set forth.
5. That on 10 January, 1938, C. Clair Conner and wife executed a deed to Guilford County, which is duly registered, conveying the said Bradshaw lot and the building erected thereon, and in which deed the following appears:
"This conveyance is made subject to that certain deed of trust executed by C. Clair Conner to Julian Price. Trustee for Jefferson Standard Life Insurance Company, in the sum of One Hundred Thousand Dollars ($100,000.00) recorded in Book 797, page 211, in the office of the Register of Deeds, Guilford County, North Carolina, which indebtedness the party of the second part hereby assumes and agrees to pay."
6. That C. Clair Conner did not, at any time, have or claim to have any right or interest in said property, but only was the medium chosen by then board of commissioners and the plaintiff for the purpose of circumventing the limitations and provisions of law relating to county finances, and the issuance of county obligations, and that plaintiff was kept informed as to all the facts in connection with the transaction. *Page 298 
7. That the note and deed of trust executed by C. Clair Conner and held by plaintiff are invalid and void for these reasons: (a) County of Guilford had no right to mortgage or otherwise create a lien on county property either directly or indirectly; (b) that the county of Guilford at the time of their execution was prohibited under Article V, section 4 of the Constitution of North Carolina to contract a debt in the sum of $100,000.00 without a vote of the people for that said amount exceeded two-thirds of the amount by which the outstanding indebtedness was reduced during the next preceding fiscal year, 1935-36; (c) that the provisions of the County Finance Act, now Article 9 of Chapter 153 of the General Statutes, and of the Local Government Act, now Chapter 159 of the General Statutes, prescribing procedure by which a county may lawfully incur indebtedness for an authorized purpose, were not complied with. And for all of which reasons the assumption of the payment of the said note held by plaintiff, as set forth in the deed of C. Clair Conner to Guilford County, is invalid and void.
III. When the case came on for hearing in Superior Court the parties through their respective counsel waived jury trial and stipulated the facts in detail bearing upon matters pleaded in the three alleged causes of action set up by plaintiff, and in the further defense averred by defendant — the phases pertinent to disposition of this appeal being substantially these:
1. That in 1936 the building facilities for conduct of county governmental affairs were crowded and there was then need for a county public building at High Point to take care of various county governmental agencies serving High Point Township, with more than 40,000 population and with taxable values in excess of $41,000,000, and that "it was the judgment of the several members of the board of county commissioners of Guilford County that such a public building for the city of High Point was necessary and the erection of such a building would be for the best interests of Guilford County."
2. That the resolution of 16 November, 1936, set out in the further defense of defendant, was the only corporate action taken by the board of commissioners of Guilford County with respect to the purchase of the Bradshaw property and the erection of a county building thereon, other than a resolution to the effect that the board had decided to buy the property from Mrs. W. G. Bradshaw for the price of $32,000.00 provided the county could get the money from plaintiff for 20 years at 4 percent, and also upon further condition that plaintiff would lend the money to the county to build a county office building on the same terms.
3. That a contract was made with C. Clair Conner, as described hereinabove as part of defendant's further defense. *Page 299 
4. That on 1 December, 1936, Sallie J. Bradshaw, by regular warranty deed, in due form and under seal, duly acknowledged and registered, conveyed the Bradshaw property to "C. Clair Conner."
5. That the note for $100,000.00 executed by C. Clair Conner was dated 1 December, 1936, was in form of a promissory note, as direct obligation solely of C. Clair Conner, and was signed "Given under my hand and seal: C. Clair Conner (Seal)."
6. That in the deed of trust executed by C. Clair Conner to Julian Price, Trustee, dated 1 December, 1936, "C. Clair Conner, unmarried," is named as the maker and Julian Price the trustee, and the deed of trust is in form security for the note of C. Clair Conner to plaintiff for $100,000.00, and contains power of sale in the event of default in the manner specified and it is signed and sealed "C. Clair Conner (Seal)."
7. That the deed from C. Clair Conner and wife to Guilford County, dated 10 January, 1938, conveying the Bradshaw lot contains this covenant: "This conveyance is made subject to that certain Deed of Trust executed by C. Clair Conner to Julian Price, Trustee for Jefferson Standard Life Insurance Company, in the sum of One Hundred Thousand ($100,000.00) Dollars, recorded in Book 797, at page 211, in the office of the Register of Deeds of Guilford County, North Carolina, which indebtedness the party of the second part hereby assumes and agrees to pay."
Upon the facts as so stipulated, defendant tendered further findings of fact that plaintiff did not act in good faith and suggested conclusions of law and form of judgment. Denied. Exceptions. Thereupon the court finds facts as so stipulated to be true, and further finds that both plaintiff and board of commissioners of Guilford County acted in good faith.
And, upon the facts so found, the court concludes as matters of law in pertinent part as follows:
"1. The purchase of the Bradshaw property and the erection of the County Public Building thereon in the City of High Point were necessary expenses of Guilford County, the advisability of which was within the discretion and judgment of the Board of County Commissioners of Guilford County. Said Board of County Commissioners had full authority to pay for said property such an amount as they, in their discretion, deemed proper. The fact that the method of financing used was irregular, and the further fact that the assumption of the Clair Conner deed of trust to Julian Price, Trustee, by Guilford County is unenforceable against the County as an express contract did not and do not abrogate the right and obligation of Guilford County to pay the cost of said Bradshaw lot and the County building erected thereon. Guilford County *Page 300 
has now, as it had in the beginning, the authority to pay for said property. (Exception No. 11.)
"2. Guilford County having acquired the County Public Building in High Point under the circumstances set out in the Stipulation of Facts, and with full knowledge that $100,000.00 of the cost thereof was supplied by the Jefferson Standard Life Insurance Company, and having had the use of said building, made possible by the said expenditure of $100,000.00 by the Jefferson Standard Life Insurance Company, the general law, independent of express contract, implies an obligation upon Guilford County to do justice and said County of Guilford, in equity and good conscience, is liable for the return to the Jefferson Standard Life Insurance Company of the remaining portion of said $100,000.00, not heretofore accounted for, with interest in an amount commensurate with the value of the benefits received by said County. These benefits equal or exceed $100,000.00, with interest thereon at the rate of 4% per annum." (Exception No. 12.)
And, thereupon, the court rendered judgment that plaintiff have and recover of defendant $79,674.45 with interest thereon at the rate of 4 percent per annum from 1 June, 1941.
Defendant appeals therefrom to Supreme Court and assigns error.
It is apparent from the language of the judgment below that the court, in arriving at the decision made, applied the equitable principle of restitution. However, upon the face of the factual situation in hand, we are of opinion and hold that plaintiff may not, at this time, invoke the aid of a court of equity for application of that principle, since it appears that plaintiff is not without an adequate remedy at law. Equity will not lend its aid in any case where the party seeking it has a full and complete remedy at law. Town of Zebulon v. Dawson, 216 N.C. 520,5 S.E.2d 535; In re Estate of Daniel, ante, 18.
What, then, is the remedy at law? The plaintiff holds the sealed promissory note of an individual obligor, C. Clair Conner, secured by a deed of trust signed, sealed and delivered by C. Clair Conner, in whom the deed, signed, sealed and delivered by Mrs. Sallie J. Bradshaw purports to vest the title. The deed is made to C. Clair Conner individually, and in executing the note and the deed of trust securing the note he signed and sealed each as an individual, and does not purport to sign in a representative capacity. Moreover, the deed, the note and the deed of trust are clear and unambiguous, and there is in neither any expression *Page 301 
tending to show agency or from which agency may be inferred. Under such circumstances, so long as the deed, the note and the deed of trust remain as they now are, a trusteeship may not be read into the deed, nor may an agency or the name of another party be read into the note and into the deed of trust.
See Restatement of the Law of Agency, section 325, 1 Mechem on Agency (2 Ed.), section 1405 et seq., particularly sections 1420 and 1425. Also,Bryson v. Lucas, 84 N.C. 680; Hicks v. Kenan, 139 N.C. 337,51 S.E. 941; Basnight v. Jobbing Co., 148 N.C. 350, 62 S.E. 420.
Thus, until or unless there be a reformation of the deed, the note and the deed of trust, the legal remedy of foreclosure under the terms of the deed of trust or by civil action would seem to be available to plaintiff.
And so far as the rights of Guilford County in and to the Bradshaw property are concerned, it holds a deed from C. Clair Conner which is made expressly subject to the deed of trust securing the note which plaintiff holds.
On the other hand, we agree with the court below that the provision in the deed from C. Clair Conner to Guilford County, by which the county undertook to assume and agreed to pay the indebtedness to plaintiff secured by the deed of trust as aforesaid, is not enforceable as an express contract. The Constitution of North Carolina, Article VII, section 7, declares: "No county, city, town, or other municipal corporation shall contract any debt, pledge its faith or loan its credit, nor shall any tax be levied or collected by any officers of the same except for the necessary expenses thereof, unless by a vote of the majority of the qualified voters therein." The Constitution, Article V, section 4, further prescribes the limit by which counties may be authorized to incur public debt.
And the decisions of this Court uniformly hold that what are necessary expenses is a question for judicial determination. The courts determine whether a given project is a necessary expense of a county, but the board of commissioners for the county determine in their discretion whether such project is necessary or needed in the designated locality. Among others, see the cases of Henderson v. Wilmington, 191 N.C. 269, 132 S.E. 25;Palmer v. Haywood County, 212 N.C. 284, 193 S.E. 668; Sing v.Charlotte, 213 N.C. 60, 195 S.E. 271; Power Co. v. Clay County,213 N.C. 698, 197 S.E. 603, and cases cited.
Moreover, every county in the State is a body politic and corporate and has only such powers as are prescribed by statute, and those necessarily implied by law, and such powers can only be exercised by the board of commissioners, or in pursuance of a resolution adopted by the board. G.S.,153-1. Hence, in order to make a valid and binding *Page 302 
contract the board of commissioners must act in its corporate capacity in a meeting duly held as prescribed by law. London v. Comrs., 193 N.C. 100,136 S.E. 356; O'Neal v. Wake County, 196 N.C. 184, 145 S.E. 28.
Furthermore, the Legislature has prescribed in the County Finance Act, Article 9 of chapter 153, G.S., the machinery by which a county may issue lawful and valid obligations for public purposes and necessary expenses, and pledge its faith. The Act applies to all counties. G.S., 153-71. And the Legislature, in the Act creating the Local Government Commission, expressly provides that approval by the commission of bonds or notes of a county, or other governmental unit, shall not extend to or be regarded as an approval of the legality of the bonds or notes in any respect. G.S.,159-12.
Testing the present case by these constitutional limitations and statutory provisions, and decisions of this Court interpretive thereof, it is sufficient to point to the lack of any corporate finding that the proposed undertaking, the purchase of a lot and the erection of a building thereon, was necessary or needed in the city of High Point for county governmental purposes. This is fundamental to the undertaking. And the fact that "in the judgment of the several members" of the board of commissioners such a public building was necessary is not a corporate action, and determinative of the fact. See London v. Comrs., supra. Whether the present board of commissioners for Guilford County may now supply the deficiencynunc pro tunc and proceed to act in the premises is not now before us.
For reasons stated in this opinion, in the judgment below there is error.
Error and remanded.
STACY, C. J., took no part in the consideration or decision of this case.