L. M. MACON v. MISS E. M. MURRAY, JOHN MURRAY, AND SAM MURRAY.

(Filed 2 November, 1949.)

**Reference § 10—**

> Where the trial court, passing upon exceptions to the referee's report, summarily enters judgment overruling all of the exceptions and confirming the report in its entirety simply because there was evidence to support each of the findings of fact of the referee, the cause must be remanded, since the law contemplates that the court should consider and deliberately weigh the evidence adduced before the referee and make his own independent determination of the facts in passing upon the exceptions.

APPEAL by defendants from *Crisp, Special Judge,* at the July Term, 1949, of RANDOLPH.

The plaintiff sued the defendants to recover compensation for work performed by him for them in cutting timber standing on their farm and sawing it into marketable lumber. The defendants answered, denying liability. By consent of the parties, the action was referred to W. E. Gavin, Esquire, who heard the witnesses on both sides and made a report

stating separately the facts found by him and his conclusions of law thereon. The report sustained the plaintiff's version of the controversy, and concluded that he was entitled to judgment against defendants for $4,311.22 with interest thereon from 24 June, 1948, and the costs of the action. The defendants took many exceptions to the findings of fact and the conclusions of law of the referee. When the cause was heard in the Superior Court, the judge summarily entered judgment overruling all of the exceptions of the defendants and confirming the report in its entirety. He stated at the time that he took this course because the record disclosed that there was "some evidence to support the findings of fact" of the referee. The defendants excepted to the judgment and appealed, assigning errors.

*J. G. Prevette for the plaintiff, appellee.*
*John L. Murray for the defendants, appellants.*

ERVIN, J. A perusal of the record discloses that each finding of fact embodied in the report has some support in the testimony taken before the referee and reported by him to the court. Moreover, the conclusions of law of the referee are sound if the facts found by him reveal the truth in respect to the controversy between the parties. Notwithstanding these observations, the judgment must be vacated and the cause remanded to the Superior Court for further proceedings for the reason that the court below abdicated its judicial function when it overruled the exceptions of the defendants to the report of the referee and confirmed such report as a whole simply because there was some evidence at the hearing to sustain the referee's findings of fact.

Where exceptions are taken to the report of a referee, the law expects the judge, who reviews them, to decide their validity by the exercise of his own mental faculties. It does not contemplate that he will perfunctorily place the stamp of his approval upon the labor of the referee merely because a mechanical inspection of the record divulges that the findings of fact have some support in the testimony, irrespective of whether such supporting evidence be strong or weak, or credible or incredible.

When the judge passes on exceptions to the findings of fact of a referee, his task is assimilated to that of a jury. He must carefully consider and deliberately weigh the evidence adduced before the referee and returned to the court, and in that way make his own independent determination of what the truth is with respect to the mooted issues of fact. Furthermore, he should give the litigants the full benefit of his well-considered opinions upon the legal questions raised by any exceptions to the referee's conclusions of law.

The importancy of faithful observance of these principles by the judge cannot be exaggerated for a twofold reason. His review is designed to clear away errors of the referee. Besides, facts found by the judge on his review of the referee's report are accepted as final on appeal to this Court if they are supported by testimony.

These legal propositions are fully sanctioned by these decisions: *Dumas v. Morrison,* 175 N.C. 431, 95 S.E. 775; *Overman v. Lanier,* 156 N.C. 537, 72 S.E. 575; *Thompson v. Smith,* 156 N.C. 345, 72 S.E. 379; *Miller v. Groome,* 109 N.C. 148, 13 S.E. 840.

Since the court did not really consider any of the exceptions of the defendants, the judgment is set aside and the cause is remanded to the end that the judge of the Superior Court may review the referee's findings of fact and rulings of law upon the defendants' exceptions in accordance with the principles enunciated in this opinion.

Error.