RAY HENDERSON, B. H. TAYLOR and LOUIS N. HOWARD v. THE CITY OF NEW BERN, a MUNICIPAL CORPORATION, AND MACK L. LUPTON, MAYOR, AND GUY E. BOYD, WILLIAM I. GAUSE, DURWOOD W. HANCOCK, GUY L. HAMILTON and C. H. RICHARDSON, as MEMBERS OF THE BOARD OF ALDERMEN OF THE CITY OF NEW BERN, AND C. L. BARNHARDT, as CITY MANAGER (ORIGINAL PARTIES DEFENDANT); AND JOHN C. ARNOLD, E. B. PUGH, N. G. GOODING, LOUIS ELDEN, T. J. BAXTER, J. G. BACHES, M. H. SMITH, J. T. KENNEDY, MRS. JOSEPH F. RHEM, L. C. SCOTT, SR., FRED W. CARMICHAEL and W. C. CHADWICK (ADDITIONAL PARTIES DEFENDANT).

(Filed 3 November, 1954.)

**1. Municipal Corporations § 48—**

In an action against a municipality to restrain it from taking certain proposed action, individuals desiring to be heard in opposition to the relief sought by plaintiffs are neither necessary nor proper parties, but must be heard through the defendant municipality which is the real party defendant in interest.

**2. Municipal Corporations § 38½—City may not lease land for off-street parking without finding of public convenience and necessity.**

A municipality will be restrained from executing a lease for land to be used for off-street parking when it has passed no resolution finding public convenience and necessity, made no appropriation, adopted no ordinance, designated no nontax fund to be used in furtherance thereof, or taken other action necessary to place it in position, as near as may be, to pursue the alleged proprietary undertaking. When it has taken such action, individuals will be entitled to be heard upon the question of whether such undertaking is for a public purpose within the meaning of the law and

constitutes a legitimate proprietary objective of the municipality under the conditions existing therein.

APPEAL by plaintiffs from *Williams, J.,* June Term 1954, CRAVEN.

Civil action to restrain the defendant municipality from entering into a contract to lease certain property to be used for off-street parking.

The defendant city contemplates the establishment of off-street parking facilities to relieve traffic congestion on its streets and provide motorists with adequate and convenient parking space in its business area. To that end it negotiated the lease or rental of certain property described in the complaint for a term of ten years. It proposes to expend, over the period of said lease, funds derived from sources other than taxation for the construction and maintenance of said facilities.

Plaintiffs instituted this action to restrain the city from executing said lease agreement or proceeding further with said plan. They allege in part that off-street parking facilities are not for a public purpose within the meaning of the law; that the proposed plan contemplates the pledge of the full faith and credit of the city, contrary to the provisions of the Constitution; and that the provisions of General Statutes, ch. 160, art. 18, as amended by ch. 171, Session Laws 1953, under which the city is proceeding, are unconstitutional.

When the cause came on to be heard on the rule to show cause why the temporary restraining order theretofore issued should not be continued to the hearing, the court found certain facts and, upon the facts found, concluded "that the leasing of said lot to establish off-street parking involves an expenditure of public funds for a public purpose within the meaning of the Constitution and the laws of the State of North Carolina, and is reasonably required by the crowded and congested traffic conditions of the City of New Bern."

It thereupon entered its order as follows:

"WHEREFORE, the Court finds as CONCLUSIONS OF LAW, and ORDERS, ADJUDGES and DECREES:

"(a) That the restraining order heretofore issued be, and the same hereby is made permanent to the extent and to the effect that defendants are restrained and enjoined from making any appropriation for, or expending any tax money in connection with, the lease of the lot referred to in the complaint or costs of improving, making suitable for, and the maintenance for said off-street parking lot, and that any costs, debt, or obligation made in connection therewith shall not constitute a general debt or obligation so as to involve the faith and credit of said City, but shall be limited to money and revenues derived from sources other than tax money, unless and until same may be approved by a majority of the

qualified voters in said City in an election duly held for such purpose as provided by law.

"(b) That it is ORDERED and ADJUDGED that the defendant, City of New Bern, may proceed to acquire by lease the McCotter lot referred to in the complaint and establish the off-street parking facilities, provided, however, no tax money is appropriated or used for such purpose, and subject to the limitations herein ADJUDGED, has authority to appropriate annually, from revenues other than those derived from taxes, the annual rental consideration and annual expenses of maintaining and operating said parking lot.

"(c) The Court further finds as conclusion of law and ADJUDGES that the City of New Bern was and is authorized and empowered to enter into and execute a lease agreement for off-street parking facilities and to appropriate and make expenditures of money from revenue and sources other than tax money, including revenues derived from on-street parking meters, during the fiscal year 1953-54, subject to the restrictions and limitations herein adjudged, and that the pledging of such revenues will not be in violation of the provisions of Sec. 4, Article 5, or the provisions of Sec. 7 of Article 7 of the Constitution, or in violation of Sec. 160-399 General Statutes of North Carolina, or in violation of any statutes or laws of the State of North Carolina.

"Done at Sanford, this 12th day of August 1954, and this judgment is signed *nunc pro tunc.*"

Plaintiffs excepted and appealed.

*Lee & Hancock for plaintiff appellants.*
*Laurence A. Stith and Ward & Tucker for defendant appellees.*

BARNHILL, C. J. The individual additional defendants are not necessary or proper parties to this action. If they desire to be heard in opposition to the relief the plaintiffs seek to obtain, they must be heard through the defendant municipality which is the real party defendant in interest. *Mullen v. Louisburg,* 225 N.C. 53, 33 S.E. 2d 484. The court below will enter its order striking their names from the record.

"The complexity of today's commercial relations and the constantly increasing number of automobiles render the question of parking a matter of public concern which is taxing the ingenuity of our municipal officials. People who work in the business sections of our cities and towns and who rely on automobiles for transportation find it difficult—sometimes impossible—to locate a place on the public streets where daily parking is permitted. They are driven to seek accommodation in some parking lot maintained (by private enterprise) for the service of the public. There they are met by predetermined conditions which create a marked disparity

of bargaining power and place them in the position where they must either accede to the conditions or else forego the desired service." *Insurance Asso. v. Parker,* 234 N.C. 20, 65 S.E. 2d 341. Those who visit the business areas of our municipalities, resident or nonresident, to patronize merchants or to conduct other business which in large measure furnishes the lifeblood and vitality upon which these cities and towns must depend are met by the same situation.

Have conditions reached the point where this Court should declare that off-street parking facilities maintained by a municipality to meet this problem is for a public purpose within the meaning of the law and constitutes a legitimate proprietary objective of a municipal corporation, and if so, when and under what conditions may a municipality engage in such an enterprise? These are the questions the parties seek to have us answer.

They are questions of vital importance to the people of the State, and they must be answered clearly and unequivocally. Unfortunately, the record before us is in such condition that we cannot presently answer them with that degree of certainty and clarity the importance of the question demands. This is due in part to the promptness with which the plaintiffs acted and partly to the disposition made of the cause in the court below.

The defendant has passed no resolution finding public necessity and convenience, made no appropriation, G.S. 160-399 (c), adopted no ordinance, designated no nontax fund to be used in furtherance of the proposed plan, or taken other action necessary to place it in position, as near as may be, to pursue this alleged proprietary undertaking. It asserts that no tax-source funds will be used. Yet it proposes, and the order entered permits, the use of funds derived through on-street parking facilities. *Britt v. Wilmington,* 236 N.C. 446, 73 S.E. 2d 289. In effect, the defendant has been set free to take such action, without specific direction, as it deems essential upon its mere promise that it will take such action. But this will not suffice. The plaintiffs are entitled to be heard and to have the court say, after such action is taken, whether defendant has met the test. Furthermore, only in this manner may we render any decision that will serve to guide and direct defendant and the other municipalities of the State.

For the purpose of this appeal we may and do concede—without deciding—that conditions in a municipality may be such that the maintenance of off-street parking facilities is for a public purpose in that particular municipality. It cannot be said, however, that every hamlet, village, and town of the State, irrespective of size or local conditions, may maintain off-street parking facilities as a proprietary public-purpose function of the municipality, the legislative declaration to the contrary notwithstand-

ing. Of necessity the question must be made to depend in each instance upon local conditions as found and declared by the municipality in resolutions duly adopted after notice and an opportunity for local citizens to be heard. *Insurance Co. v. Guilford County,* 225 N.C. 293, 34 S.E. 2d 430. As above indicated, there are other preliminary steps that must be taken by defendant.

To that end the defendant must be left free to take such action as it deems necessary to support its claim to the right to maintain off-street parking facilities. In the meantime, it will be restrained and enjoined from executing the proposed lease agreement. When it has taken such action it shall so notify the court, and the court shall then afford the plaintiffs an opportunity to appear and be heard on the question whether the temporary restraining order against the execution of the proposed lease should be continued in full force and effect. As so modified the order entered in the court below is affirmed.

Modified and affirmed.