NORTH CAROLINA STATE BOARD OF DENTAL EXAMINERS v. DR. E. C. GRADY.

(Filed 23 November, 1966.)

**1. Physicians and Surgeons and Allied Professions § 6—**

The Board of Dental Examiners is not a court and is not required to observe the technicalities of a court, and the Board in revoking or suspending the license of a dentist is required by statute to determine and announce its action after a hearing at which the accused is given opportunity to present such evidence as he may desire. G.S. 90-41.

**2. Physicians and Surgeons and Allied Professions § 7—**

On appeal to the Superior Court from order of the Board of Dental Examiners suspending the license of a dentist, the Superior Court should hear the accused in like manner as a consent reference, G.S. 90-41, and the court should weigh the evidence and make its own independent determinations of the matters in dispute.

**3. Same—**

Where an order of the Board of Dental Examiners is based upon its findings that respondent employed an unlicensed person to repair dental plates without written work orders and that respondent received payment therefor, and the specific time and place of such acts are easily deducible from the records, it is error for the Superior Court to dismiss the proceedings on the ground that the order of the State Board was not based on sufficiently definite findings of fact.

APPEAL by plaintiff from *Copeland, S.J.,* at March 1966 Term of WAKE County Superior Court.

This proceeding was instituted against Dr. E. C. Grady, a licensed dentist, for the purpose of determining whether or not his license to practice dentistry should be revoked or suspended for violation of the Dental Practices Act, G.S. 90-22, *et seq.*

The charges upon which this hearing before the North Carolina State Board of Dental Examiners was based alleged, in essence, that Dr. Grady (1) had a professional connection with one Paul S. Lee designed to circumvent the provisions of the Act; (2) permitted Paul S. Lee to use his name for the illegal practice of dentistry; (3) employed an unlicensed person to perform work which could lawfully be done only by one licensed to practice dentistry in

this State; (4) engaged in unprofessional conduct by enabling one Paul S. Lee to practice dentistry illegally and entering into an agreement with the said Paul S. Lee for a division of fees.

The Board of Dental Examiners convened in Raleigh on 8 May, 1965, to hear testimony in support of the charges. Claude S. Sitton testified that he was hired by the Board of Dental Examiners to investigate Dr. E. C. Grady. He stated that he was an attorney in Morganton, N. C., and that on two occasions he visited the offices of Dr. Grady in La Grange, N. C., in connection with his investigatory work. He observed that Paul S. Lee and Dr. E. C. Grady shared offices; that Lee repaired dentures there without written work orders; that payment for work done by Lee was receipted in the name of Dr. Grady; that he observed Lee removing an impression tray from a woman's mouth; that Dr. Grady admitted that he told Lee to take an impression of Lillian Arthur's mouth; that he did not make or keep written work orders; that he told Lee to make all denture repairs; that when he was busy he had Lee make impressions of the mouth; that as a consequence of certain of these matters, Paul S. Lee was tried and convicted for illegal practice of dentistry.

Joe Bannon testified that he assisted Claude S. Sitton in the investigation and went to the offices of Lee and Grady. He stated that Lee placed a mold with impression material in his (Bannon's) mouth for the purpose of taking an impression and that Lee had no written work order for this work.

Dr. Grady was given notice of the hearing and did appear with counsel at the hearing where he cross-examined the above witnesses. However, Dr. Grady did not offer any testimony.

On 22 May, 1965, the Board ruled that Dr. Grady had engaged in unprofessional conduct and ordered him to surrender his license for a period of six months.

From this ruling Dr. Grady appealed to the Superior Court of Wake County, filing exceptions to the opinion and order of the Board of Dental Examiners, to which the Board filed a Response to the exceptions.

On 30 April, 1966, Judge Copeland vacated the Board's order and dismissed the proceeding against Dr. Grady on the grounds that "the findings of fact upon which the opinion and order of the North Carolina State Board of Dental Examiners is based are insufficient because of vagueness, indefiniteness and lack of specific reference to time and place of alleged violations by the respondent to support the action taken as set out in said order and opinion * * * and that the transcript of the hearing before the North Carolina State Board of Dental Examiners does not contain any evidence to sup-

port findings that respondent E. C. Grady had violated the pro-visions of Article 2, Chapter 90 of the General Statutes of the State of North Carolina".

Plaintiff appealed.

*Patton, Ervin & Starnes for plaintiff appellant.*
*Herbert B. Hulse, Sasser & Duke for defendant appellee.*

PLESS, J.   G.S. 90-41 provides, in part, "After hearing all the evidence, including such evidence as the accused may present, the Board shall determine its action and announce the same." There can be no question that the Board has done so. But the respondent complains that specific findings of fact, with minute details as to particulars, time and place were not entered in written form. The statute does not so require. The Board is not a court and is not ex-pected to know and observe the technicalities that trained attor-neys and judges would demonstrate. The Board has really done much more than the statute requires and has not only "announced its action" (in writing, which is not provided in the statute) but has given its reasons therefor, all of which are substantiated by un-controverted and undenied evidence.

To hold that the Board's findings of fact are insufficient, "be-cause of vagueness, indefiniteness and lack of specific reference to time and place of alleged violations by the respondent" overlooks those parts which find that the respondent employed an unlicensed dentist to repair dental plates without written work orders and that his employee did so and that respondent received payment therefor. While the order did not specifically state that this took place in the respondent's offices in La Grange on 17 December, 1964, and 2 April, 1965, this was easily deducible from the record and the respondent could not have been prejudiced by its omission.

While the evidence was sufficient to support the Board's findings of fact it appears that in the Superior Court the matter was not "heard * * * as in the case of consent references" as required by G.S. 90-41. To the end that it may be, it is remanded to the Superior Court of Wake County.

In a consent reference the judge is expected to rule upon the report somewhat in the capacity of a jury. He is not expected to approve the work of the referee merely because the evidence will support it. He should weigh it and make his own independent de-termination of the truth of the matters in dispute.

"The importance of faithful observance of these principles by the judge cannot be exaggerated for a twofold reason. His review is designed to clear away errors of the referee. Besides, facts found

by the judge on his review of the referee's report are accepted as final on appeal to this Court if they are supported by testimony." *Macon v. Murray*, 231 N.C. 61, 55 S.E. 2d 807.

Error and Remanded.