1923

GHMSW PARTNERSHIP, Respondent v. Chris LOGAN, d/b/a Logan Beauty School, Appellant.

(426 S. E. (2d) 332)

Court of Appeals

*Richard C. Jones*, of *Jones & Seth*, Sumter, *for appellant.*

*Kenneth R. Young, Jr.*, of *Young, Young & Reiter*, Sumter, *for respondent.*

Heard Dec. 2, 1992.

Decided Dec. 14, 1992.

GOOLSBY, Judge:

GHMSW Partnership sued Chris Logan, doing business as Logan Beauty School, for waste. Following a reference, without finality, the special master prepared and filed with the clerk of court a report in which he set forth findings of fact and conclusions of law, together with a recommended judgment in GHMSW's favor. Logan thereafter served exceptions to the report. After a hearing, the circuit judge overruled Logan's exceptions and confirmed the report. Logan appeals. The dispositive issue is whether the circuit judge erred in overruling Logan's exceptions to the special master's findings of fact and confirming his report merely because some evidence supported these findings of fact. We vacate and remand.

During the hearing on Logan's exceptions, the circuit judge, despite Logan's disagreement, repeatedly viewed himself as constituting "an appellate court" or an "appeals court" and as not having "the right" to determine issues of credibility. In his order confirming the special master's report, he overruled Logan's exceptions to the special master's findings of fact stating that "each of these exceptions has no merit in that the evidence aptly supports such of the master's rulings as set forth in his order."

A circuit judge does not sit as an appellate judge when hearing an application made on exceptions to a report of a special master to whom an action has been trans-

ferred without finality. *See* S.C. Code Ann. § 14-11-85 (Supp. 1991) (statute providing for appeals from final judgments entered by masters); *cf. Karl Sitte Plumbing Co. v. Darby Dev. Co.,* 295 S.C. 70, 367 S.E. (2d) 162 (Ct. App. 1988) (case involving a circuit judge entertaining an appeal from a master). Rather, the circuit judge sits in such a case as a trial judge with the power, after hearing, "[to] adopt the report or [to] modify it or [to] reject it in whole or in part or [to] receive further evidence or [to] recommit it with instructions" Rule 53(e)(2), SCRCP.

Where exceptions are taken to a master's report, Rule 53(e) anticipates that the judge who reviews the exceptions "[will] decide their validity by the exercise of his own mental faculties." *Macon v. Murray,* 231 N.C. 61, 55 S.E. (2d) 807, 808 (1949). The rule does not contemplate that the judge will simply approve the master's work product merely because the master's findings of fact have some support in the evidence, "irrespective of whether such supporting evidence be strong or weak, or credible or incredible." *Id.* In passing on a party's exceptions to the findings of fact of a master, the judge "must carefully consider and deliberately weigh the evidence ad-duced before the [master] and returned to the court, and in that way make his own independent determination of what the truth is with respect to the mooted issues of fact." *Id.*

The importance of a trial judge faithfully observing these principles cannot be overstated. First, the judge's re-view makes it possible for any errors committed by the master to be corrected. Second, in a law case, the facts found by the judge on the judge's review of the master's report are accepted as final on appeal to either this court or the Supreme Court if the evidence reasonably supports the findings; and in an equity case heard first by a master, findings of fact concurred in by the judge will not be disturbed on appeal unless they are found to be either without evidentiary support or against the clear preponderance of the evidence. *Townes Asso-ciates, Ltd. v. City of Greenville,* 266, S.C. 81, 221 S.E. (2d) 773 (1976).

Because the circuit judge did not properly consider the exceptions Logan made to the special master's findings of fact, we vacate the judgment and remand the cause for a review of

each of Logan's exceptions to the special master's findings of fact and conclusions of law in accordance with the principles enunciated above. *Cf. Burns v. Wannamaker*, 281 S.C. 352, 315 S.E. (2d) 179 (Ct. App. 1984), *affirmed as modified*, 288 S.C. 398, 343 S.E. (2d) 27 (1986) (the court of appeals will not grant a presumption that the circuit court's affirmance of a magistrate's judgment was made on the merits where it clearly appears that the circuit court applied an erroneous standard of review and failed to accord the contested facts the scrutiny contemplated by statute).

Vacated and remanded.

GARDNER, J., and LITTLEJOHN, AJ., concur.